[Criminal No. 572.   Filed June 16, 1924.]

[226 Pac. 549.]

## PERCY BOWDEN, Chief of Police of City of Douglas, County of Cochise, State of Arizona, Appellant, v. JOHN NUGENT, Appellee.

JURY—OFFENSE OF CONDUCTING A GAMBLING GAME HELD TRIABLE BY JURY.—Defendant was entitled to trial by jury for the offense of conducting a gambling game in violation of an ordinance in view of Civ. Code 1913, paragraph 1942, such offense being indictable under the common law, and Const., article 2, sections 23 and 24, preserving the right to jury trial as it existed at common law.

APPEAL from a judgment of the Superior Court of the County of Cochise.   Alfred C. Lockwood, Judge.   Affirmed.

Messrs. Knapp, Boyle & Pickett, for Appellant.

Mr. R. N. French, for Appellee.

ROSS, J.—This proceeding was brought for the purpose of determining whether a person charged with violating a city ordinance is, under the Constitution and laws of this state, entitled to a jury trial. Like all cases it must be determined upon its own peculiar facts, and will not be a precedent except in cases where the essential facts are the same.

The appellee was tried and convicted in the police court of the city of Douglas, a jury having been denied him.   He defaulted in the payment of fine, and was committed to the city jail and the custody of appellant, the chief of police of said city.   He thereupon applied to the superior court of Cochise county for a writ of *habeas corpus,* setting forth the above facts, and upon a hearing was ordered discharged

1.   See 16 R. C. L. 192.
     See 27 C. J. 1006, 1039.

from custody upon the ground that his conviction by the police justice, in disregard of his demand for a jury, was irregular and without jurisdiction. The appeal is by the chief of police, who contends that the trial before the police court was regular and in accordance with law, and that the order discharging appellee was erroneous.

The ordinance (or the portion thereof in the record) which appellee was charged with having breached, reads as follows:

"It shall be unlawful for any person in the city of Douglas, Cochise county, Arizona, to deal, carry on, operate or open, or cause to be opened, or to conduct, either as owner, proprietor or employee, whether for hire or not, any game of . . . poker . . . or any similar game whatsoever, played with cards, dice, or other device. . . . "

The sentence imposed was that appellee pay a fine of $150 or be imprisoned at $1 per day until fine was satisfied, but not to exceed ninety days.

The appellee's contention is that the court's action in discharging him from custody because he had been denied a jury trial is fully sustained by sections 23 and 24, article 2, of the Constitution, found therein under the head of "Declaration of Rights." Those sections, so far as material, read as follows:

"Sec. 23. The right of trial by jury shall remain inviolate, but provision may be made by law for a jury of a number of less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record. . . .

"Sec. 24. In criminal prosecutions, the accused shall have the right to appear . . . in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases. . . . "

For a number of years before Arizona became a state, and ever since, there were local statutes denying a jury trial to a person charged with violating

city or town ordinances, unless the offense was one triable by a jury at common law. In the Organic Act of the Territory of Arizona, paragraph 1868, is found this prohibition:

"That no party . . . shall be deprived of the right of trial by jury in cases cognizable at common law."

This was intended as a limitation upon the power of the legislature to dispense with a jury trial in both criminal and civil causes in which such right existed at common law, and, by the same token, permissive authority to the legislature to provide by law for the trial in police courts of some cases without a jury. It is recognition of the rule as construed by the Supreme Court of the United States, found in article 3 and the Sixth and Seventh Amendments to the federal Constitution. *Rassmussen* v. *United States,* 197 U. S. 516, 49 L. Ed. 862, 25 Sup. Ct. Rep. 514 (see, also, Rose's U. S. Notes); *Callan* v. *Wilson,* 127 U. S. 540, 32 L. Ed. 223, 8 Sup. Ct. Rep. 1301 (see, also, Rose's U. S. Notes).

The territorial legislature in 1909 (§ 8, c. 25, Laws of 1909) enacted:

"In the trial of offenses for the violation of the ordinances of cities or towns of such a nature as by the common law were not triable before a jury, no jury trial shall be granted."

This provision was re-enacted by the state legislature, and is found as paragraph 1942 of Civil Code 1913. Therefore since 1909 we have had in our statutes a declaration to the effect that persons charged with violating ordinances of cities or towns are not entitled to a jury trial unless the offense was one triable by a jury at common law. Such was the statute in 1912, when Arizona was admitted to statehood, and the Constitution containing the provisions set out in sections 23 and 24, with reference to a jury trial, was adopted. Provisions somewhat similar to

sections 23 and 24, *supra,* are found in most of the state Constitutions. The courts are in accord that their purpose is to preserve, not to create, rights; to assure, after the Constitution is in effect, that persons accused of crimes may demand and have a jury trial in those cases as to character or grade, in which they could demand and have a jury trial before the Constitution was adopted, and that it is not a general guaranty that all accused persons shall have the right to a jury trial regardless of the grade or character of the offense laid against them or the forum of trial. *Brown* v *Greer,* 16 Ariz. 215, 141 Pac. 841; *People* v. *Martin,* 188 Cal. 281, 21 A. L. R. 1399, 1403, 205 Pac 121.

The learned counsel for appellant in their brief say:

"It is apparent that the offense defined by the ordinance and described in the complaint is an offense of gaming and nothing more. The same did not constitute any offense nor was it punishable in any manner at common law."

Their brief also describes the offense in this language:

"The defendant is charged with operating, conducting and carrying on, as proprietor, in the city of Douglas, a game of poker, the same being then and there played for money, checks, and other representatives of value."

Counsel for appellee agrees with appellant that the act defined in the ordinance and in the complaint did not constitute an offense at common law. Our investigation convinces us, however, that the charge against appellee is more in the nature of conducting or maintaining a gambling house than one of gaming. We think it is true, as stated in 12 R. C. L. 708, section 3, cited by appellant, that:

"At common law, gaming, as by playing at cards, dice, etc., when practiced innocently, and as a recrea-

tion, the better, as it was said, to fit a person for the business of life, was not unlawful."

The ordinance does not make the playing of cards or betting thereon unlawful, nor do the acts alleged in the complaint charge appellee with playing the game of poker. What is made unlawful by the ordinance, and what is charged in the complaint, is the dealing, carrying on, operating, opening, or conducting, either as owner or proprietor, the games therein named. 2 Russell, Law of Crimes, 1897, says:

"Common gaming houses are a public nuisance at common law, being detrimental to the public, as they promote cheating and other corrupt practices, and incite to idleness and avaricious ways of gaining property persons whose time might otherwise be employed for the good of the community."

See, also, Roscoe's Criminal Evidence (14th ed. by Herman Cohen), p. 692; *Mullen* v. *Moseley,* 13 Idaho, 457, 121 Am. St. Rep. 277, 13 Ann. Cas. 450, 12 L. R. A. (N. S.) 394, 90 Pac. 986; *Hill* v. *Pierson,* 45 Neb. 503, 63 N. W. 835; *Thrower* v. *State,* 117 Ga. 753, 45 S. E. 126.

In the case of *People* v. *Langan,* 196 N. Y. 260, 17 Ann. Cas. 1081, 25 L. R. A. (N. S.) 479, 89 N. E. 921, the court said:

"At common law wagers on different subjects were legal and might be enforced, while a gambling house or a resort for gamblers was a public nuisance."

In 12 R. C. L. 734, section 35, the rule is stated thus:

"While at common law there were no statutes against gaming, yet the maintenance of a common gaming house was independently of any statute indictable as a criminal nuisance on account of its tendency to bring together disorderly persons, promote immorality and lead to breaches of the peace."

The appellant is described as the owner and proprietor of a place where gambling is carried on. He

is the owner of the gambling device or apparatus, and in the complaint the place where this gambling is carried on is described as "that certain building known as number 1208 on F avenue, in said city." He is not charged with playing the game of poker, but with maintaining and conducting and carrying on the game as proprietor and owner, "for money, checks, and other representatives of value." In other words, it seems that he is keeping a gambling-house. This, clearly, under the common law, was an indictable offense.

The legislature, in paragraph 1942, *supra,* does not attempt to deny a person charged with an offense against a city or town ordinance, which was an offense at common law, the right to a trial by jury. On the contrary, in dispensing with a jury in the trial of offenses for the violation of such ordinances, when not offenses at common law, it in effect recognizes the right to a jury trial in offenses that were such at common law and triable as such before a jury. If at the time of the adoption of the Constitution appellant was entitled to a jury trial in the police court because the offense charged against him was such at common law, he is now entitled to such jury trial, as the effect of sections 23 and 24, article 2, of the Constitution, was to preserve such right.

It is settled beyond peradventure that, if appellee had been charged with an offense triable at common law by a jury while Arizona was yet a territory, he would have been entitled to a jury trial, and this regardless of any local legislation. His rights in such case would have been measured by the federal Constitution. *Reynolds* v. *United States,* 98 U. S. 145, 25 L. Ed. 244 (see, also, Rose's U. S. Notes); *Callan* v. *Wilson, supra; Rassmussen* v. *United States, supra.* Since the offense he is charged with, as we have seen, is a common-law offense, one charged with offending against it during territorial days could not

have been lawfully denied a jury trial. No more can he be at this time under the rule that constitutional provisions like ours preserve that right. As is said in 24 Cyc. 102:

"In cases where the right existed prior to the Constitution, it cannot be denied, and this applies to cases of a similar character arising under statutes enacted subsequently to the adoption of the Constitution. There were, however, prior to the Constitutions, certain classes of cases which were triable without a jury; and all cases previously triable without a jury may still be so tried; and it is furthermore competent for the Legislature to provide for a trial without a jury in cases similar to those in which such a trial was in use prior to the Constitution."

The text we think announces the correct rule, and the one that is generally followed.

It is obvious that it would be impracticable, if not impossible, to give to every person charged with violating a city ordinance a jury trial. The activities of our modern cities have been very much extended and broadened in recent years, and likewise the passing of ordinances regulating these new activities have multiplied. Their violation has become so frequent that to give each person haled into the police courts a jury trial would so increase the expenses, court attendants, jurors and witnesses as to make it a farce. While the right to a jury trial is a sacred right, and has been so recognized by all English-speaking peoples, it is too apparent that its guaranty is limited to those offenses which are by the state considered more important than those usually defined by the ordinances of cities and towns.

We conclude that the trial court's judgment was correct, and it is therefore affirmed.

McALISTER, C. J., concurs.

LYMAN, J. (Dissenting).—I do not concur in this opinion, because the act forbidden by the ordinance of

the city of Douglas is not identical with the offense recognized by the common law, and referred to in the opinion. The act forbidden by the ordinance is playing a single game of poker, or some other gambling game, nothing else. The common-law offense referred to in the opinion is that of maintaining a "common" gambling resort, a species of disorderly house, which obviously means not merely a house where games are played, but a house resorted to by the public, as implied by the term "common," and classed with "disorderly inns." 4 Blackstone, 168.

It is elementary that an offense can be no broader than the statute or ordinance defining such offense. It is equally elementary that any allegations which attempt to broaden the charge beyond the limits of the statute or ordinance either vitiate the charge altogether, or are merely superfluous, and that the proof cannot extend beyond both the purview of the statute or ordinance and the allegations of the charge. This ordinance does not pretend to define or prohibit the maintenance of a disorderly house, nor does the complaint charge any such offense. The incidental allegation of the complaint that the game was played at a certain street and number is mere surplusage, it only being necessary to allege the act to have been within the corporate limits of the city of Douglas.