[Civil No. 2318.   Filed May 26, 1925.]

[236 Pac. 715.]

In the Matter of the Application of J. H. DAVIS for a Writ of Habeas Corpus. J. H. DAVIS, Appellant, v. GEORGE BRISBOIS, as Chief of Police of the City of Phoenix, Appellee.

1. JURY—PERSON CHARGED WITH DRIVING AUTOMOBILE WHILE INTOXICATED IN VIOLATION OF CITY ORDINANCE, HELD NOT ENTITLED TO JURY TRIAL.—Person charged with driving automobile while intoxicated, in violation of city ordinance, *held* not entitled to jury trial within constitutional guaranty of jury trial in criminal cases.

2. MUNICIPAL CORPORATIONS — THAT VIOLATOR OF CITY ORDINANCE IS REQUIRED AS CONDITION TO APPEALING TO EXECUTE BOND REQUIRED BY STATUTE HELD NOT EQUIVALENT TO DENIAL OF APPEAL. That accused, convicted of violating a city ordinance prohibiting the driving of an automobile while intoxicated, is required by Penal Code of 1913, section 1183, as condition to appealing, to

---

1. Right to jury trial in prosecution for driving automobile while intoxicated in violation of municipal ordinance, see note in 42 A. L. R. 1513. See, also, 16 R. C. L. 216.

execute a bond with sureties conditioned that he will prosecute his appeal with effect, pay any fine, and surrender himself in execution of any imprisonment imposed, *held* not equivalent to a denial of appeal.

See (1) 35 C. J., p. 192.    (2) 17 C. J., p. 100.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. R. E. L. Shepherd, for Appellant.

Mr. James E. Nelson, for Appellee.

ROSS, J.—The appellant, J. H. Davis, was tried and convicted in the magistrate's court of the city of Phoenix of the offense of driving an automobile while intoxicated; the act charged being in violation of a city ordinance. Upon the calling of his case he demanded a jury trial, which was refused him. After conviction he applied to the superior court for a writ of *habeas corpus,* alleging his imprisonment to be illegal because of the refusal to him of a jury trial. The writ was issued but upon hearing was discharged. Upon this appeal he presents the one question only; that is, his right to a jury trial.

In the case of *Bowden* v. *Nugent,* 26 Ariz. 485, 226 Pac. 549, we went into this question pretty fully and we do not think it necessary to go over the ground again. In that case we held that the right of trial by jury was preserved by our Constitution in common-law offenses, if at the time of the adoption of the Constitution a jury trial could be demanded by the accused. We said, among other things:

"While the right to a jury trial is a sacred right, and has been so recognized by all English-speaking peoples, it is too apparent that its guaranty is limited to those offenses which are by the state considered more important than those usually defined by the ordinances of cities and towns."

Offenses of the nature of the one charged against appellant are peculiarly within the range of police jurisdiction and regulation, and for obvious reasons do not fall within the rule announced in the Bowden case. The rule with respect to cases of this kind is stated in 35 C. J. 192, section 97, to be:

"Violations of municipal ordinances belong to the class of minor offenses which were in general triable in a summary manner prior to the adoption of the several Constitutions, and the denial of a jury trial in such cases is not a violation of the general constitutional provisions."

See, also, 16 R. C. L. 216, section 33.

In our opinion, offenses made such by city ordinance, such as driving an automobile while in a state of intoxication, do not fall within the intent or the spirit of the constitutional guaranty of a jury trial in criminal cases. That being true, the appellant cannot complain because the statute, if he would appeal, compels him to execute a bond with sureties conditioned that he will prosecute his appeal with effect, pay any fine, and surrender himself in execution of any imprisonment imposed. Section 1183, Penal Code 1913. However, appellant's contention, to the effect that the burden of giving such bond would be equivalent to a denial of an appeal, should not be true when the culprit, as here, is well enough off to possess the two essentials to the crime, to wit, "booze" and a "booze (buzz) wagon." He would at least have left the latter asset with which to indemnify parties who may become his sureties on appeal, especially if he had taken the precaution to transport the "booze" *in* and not *on* his person; in the former case the law not authorizing the confiscation of the automobile.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.