379 P.2d 133

**STATE of Arizona (City of Tempe), Petitioner,**

**v.**

**SUPERIOR COURT OF MARICOPA COUNTY, State of Arizona, the Honorable George M. Sterling, Judge of Said Court, and Alexander Thomas Cafarella, Respondents.**

No. 7803.

Supreme Court of Arizona,

En Banc.

Feb. 27, 1963.

Rehearing Granted April 2, 1963.

For Opinion on Rehearing see 380 P.2d 1009.

James R. Holman, City Attorney, Tempe, for petitioner.

Max M. Klass, Phoenix, for respondent Cafarella.

JENNINGS, Justice.

Alexander Thomas Cafarella (hereinafter called respondent) was convicted in the Tempe Municipal Court on September 4, 1962 of driving an automobile while under the influence of intoxicating liquor, and was sentenced to pay a fine of $100 or serve 40 days in jail. He immediately paid the fine.

Respondent thereafter retained counsel and filed a notice of appeal in the Tempe Municipal Court on September 8, 1962. At that time the respondent was unable to post a bond on appeal.[1] However, the judge of the Municipal Court forwarded all papers to the superior court. The City of Tempe (hereinafter called petitioner) thereafter filed in the Superior Court of Maricopa County a motion to dismiss the appeal for want of jurisdiction. Upon denial of this motion the petitioner requested of and obtained from this Court an alternative writ prohibiting the superior court from taking any further action on the appeal of the respondent. Petitioner now seeks to have the alternative writ made peremptory.

The petition presents the following question: May a defendant perfect an appeal to the superior court from a conviction in a municipal court without posting the bond provided for in A.R.S. § 22–372?

Prohibition is an appropriate remedy to prevent an inferior tribunal from entertaining an appeal over which it has no jurisdiction. Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983 (1953). As an appeal from a criminal conviction is a matter of grace and not of right, a defendant must perfect his appeal in the manner prescribed by law or not at all. Riley v. State, 49 Ariz. 123, 65 P.2d 32 (1937). Therefore, if the filing of an appeal bond by respondent is a prerequisite to the exercise of jurisdiction by the superior court, the writ must issue.

A.R.S. § 22–371 provides:

"A. The defendant in a criminal action may appeal to the superior court from the final judgment of a justice or police court.

"B. The appeal shall be taken within five days after judgment is given by filing a notice of appeal with the justice of the peace or presiding officer of a police court, stating that defendant appeals from the judgment to the superior court in and for the county."

A.R.S. § 22–372 provides for bond on appeal as follows:

"A. Execution of the sentence shall not be stayed unless defendant executes a bond with sureties, in an amount fixed by the justice of the peace who gave the judgment, but not to exceed three hundred dollars, and files the bond with such officer when approved by him.

"B. The condition of the bond shall be that defendant prosecute his appeal

1. A.R.S. § 22–372 (1956).

with effect and pay any fine and surrender himself in execution of any imprisonment imposed by the superior court on the appeal."

■ The language of the statute indicates that an appeal is taken by filing a notice of appeal in the inferior court. However, the appeal can be given no force or effect until a bond is executed by the defendant.[2] The purpose of the requirement is obvious. If a defendant were not required to post such a bond, it is conceivable that the court's trial calendar would be deluged with frivolous appeals wherein the defendant would be free to use every means to delay the proceedings and finally appear or not appear as he saw fit. The court has no other means of insuring that the appeal will be prosecuted with effect and that the defendant will pay any fine or surrender himself in the event any imprisonment is imposed by the superior court after appeal.[3]

This decision is consonant with our position taken in In re Davis, 28 Ariz. 312, 236 P. 715 (1925). In that case defendant was convicted in a justice court of driving an automobile while intoxicated. In response to his contention that the requirement of

an appeal bond effectively denied an appeal we said:

"That being true, the appellant cannot complain because the statute, *if he would appeal,* compels him to execute a bond with sureties conditioned that he will prosecute his appeal with effect, pay any fine, and surrender himself in execution of any imprisonment imposed." 28 Ariz. 312, 314, 236 P. 715, 716. (Emphasis mine.)

The court thereby indicated that execution of an appeal bond was a condition precedent to perfecting an appeal. We agree that this construction of the statute is correct, and therefore answer the question originally posed in the negative.

Thus, it is unnecessary to consider the issue raised by the parties as to whether the defendant has standing to appeal after voluntarily satisfying the sentence imposed by the inferior court.

The alternative writ of prohibition is hereby made peremptory and the Superior Court of Maricopa County is ordered to desist and refrain from any further proceedings in the purported appeal of Alexander Thomas Cafarella, being cause No.

---

2. See Smith, Arizona Manual for Justice Courts § 85 (1962), which indicates the general understanding of the bar that execution of a bond on appeal from a justice court is jurisdictional.

3. In an analogous situation—where defendant is admitted to bail during an appeal after conviction in the superior court— the defendant's appearance is insured by an undertaking pursuant to Ariz.Rules Crim.Proc. 53, 17 A.R.S.

**152**

40870 in the Superior Court of Maricopa County, State of Arizona.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.