**Bob THOMPSON, Petitioner,**

v.

**The Hon. D. G. HART, County Judge of LeFlore County, Oklahoma, Respondent.**

**No. A–13381.**

Court of Criminal Appeals of Oklahoma.

June 5, 1963.

Joe K. Page, Poteau, for petitioner.

D. G. Hart, County Judge, LeFlore County, Poteau, respondent, pro se.

JOHNSON, Judge.

Bob Thompson filed his petition for a writ of prohibition in this Court on May 16, 1963 and an alternative writ of prohibition was issued. The respondent, the Hon. D. G. Hart, County Judge of LeFlore County was ordered to show cause on the 22d day of May, 1963.

The petitioner and respondent appeared before this Court on May 22, 1963 and advised this Court that there were pending five cases against the petitioner in the respondent's court. All cases arising out of the operation of a private club.

There was a difference of opinion as to the status of these cases. The petitioner stated that he had not been arraigned on one case, and that on the others he had motions pending that had not been heard. The respondent said that the petitioner had been arraigned on all of the complaints and that the motions were to be ruled on prior to trial. No records were introduced and both parties agreed that there were no court records that would reflect the status of these cases.

Upon recommendation of the Court, the respondent agreed to continue the five cases until the next term of court, and the petitioner then in open court requested permission to withdraw his petition and further requested that the alternative writ be dissolved.

■ When a person who has requested a writ of prohibition comes to this Court and on motion seeks to withdraw his request, the same will be done, unless it will prejudice the rights of the respondent or the administration of justice.

■ An alternative writ of prohibition will be dissolved on the request of the petitioner, since the petitioner has the right to discontinue his action at any time, if it does not prejudice the rights of the other party.

■ Since the writ of prohibition is a highly remedial writ and ordinarily will not be granted unless absolutely necessary (Bennett v. District Court of Tulsa County, 81 Okl.Cr. 351, 162 P.2d 561; State ex rel. Cobb v. Mills, Judge, 82 Okl.Cr. 155, 163 P.2d 558, 167 P.2d 669), and since the petitioner and his counsel of record have appeared and requested permission to withdraw the petition and dissolve the alternative writ of prohibition, permission is granted to withdraw, and the alternative writ of prohibition is hereby dissolved.