402 P.2d 1018

Joe JACOBSON, Justice of the Peace, Tucson Precinct No. 4, Pima County, Arizona, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA and John P. Collins, a Judge thereof, and Toby LaVetter, Justice of the Peace, Tucson Precinct No. 1, Pima County, Arizona, and Norman E. Green, County Attorney of and for Pima County, Arizona, Respondents.

No. 2 CA–CIV 113.

Court of Appeals of Arizona.

June 11, 1965.

Johnson & Couser, by John Wm. Johnson, Tucson, for petitioner.

William T. Healy, Deputy County Atty., Tucson, for respondents.

HATHAWAY, Judge.

This is an original proceeding wherein Joe Jacobson, Justice of the Peace of Tucson Precinct No. 4, Pima County, seeks a writ prohibiting the respondents from proceeding with the examination of the body of Andrew J. Wolfson, a deceased infant, ·and from further inquiry into the cause of said infant's death. The petitioner alleges as grounds for the relief sought that the respondents, by reason ·of certain facts which will hereinafter be set forth, threaten to usurp the authority and jurisdiction of the petitioner and further, that they were

acting or planning to act in excess of their jurisdiction and authority. It is the contention of petitioner that jurisdiction in the matter of the cause of death of the infant is solely in the petitioner as ex officio coroner of Precinct No. 4.

The following is a brief summary of the events preceding the filing of the petition: The infant's body, which was interred within Precinct No. 4, was exhumed by order of the petitioner. The body was removed to Arizona Mortuary, located within Precinct No. 2, for the purpose of having an autopsy performed. Petitioner having decided that an inquest was unnecessary, respondent County Attorney Norman E. Green promptly sought to compel an inquest through mandamus proceedings. After a hearing on the petition for a writ of mandamus, respondent Superior Court Judge, the Honorable John P. Collins, issued a writ of mandamus ordering petitioner to hold an inquest from which petitioner has instituted an appeal. [This appeal is not herein involved.]

Clark H. Johnson, Justice of the Peace, Precinct No. 2, where the body had been taken for examination, was ill and unable to act in his capacity as ex officio coroner. He requested and procured the consent of Toby LaVetter, Justice of the Peace, Precinct No. 1, to act in his stead in the Wolfson matter. The County Attorney applied for and was granted a Superior Court order by the Honorable John P. Collins whereby Toby LaVetter was appointed ex officio coroner of Precinct No. 2 and directed to hold an inquest into the infant's death. During the interval between filing his petition for a writ of prohibition and the hearing thereon, petitioner signed an order releasing the body for burial.

We must bear in mind that prohibition is a preventive rather than a corrective measure. State ex rel. Powell v. Ilsley, 387 P.2d 676, 677 (Wyo.1963) ; State ex rel. State Tax Commission v. First Judicial District Court, 69 N.M. 295, 366 P.2d 143, 145 (1961). Consequently, the propriety of the order issued by the re-

spondent Superior Court judge directed to Toby LaVetter cannot be tested by prohibition.[1] This court will not issue a writ of prohibition to undo, nullify, or review an act already performed but solely to prevent the commission of a future act. 73 C.J.S. Prohibition § 10 c, p. 30 and cases cited therein.

Petitioner contends that respondent Toby LaVetter had no jurisdiction to act in the matter for the reason that jurisdiction to hold an inquest was solely in the petitioner. We cannot agree with this contention. The petitioner's unequivocal refusal to hold an inquest and his subsequent signing of an order for reinterment of the body markedly indicated an intention to proceed no further in the investigation. Petitioner concedes that were it not for this purported "sole jurisdiction" aspect as contended by him, respondent Toby LaVetter, under the provisions of our statutes, would have authority to act.

A review of the statutes indicates that each justice of the peace shall be ex officio coroner within his precinct, A.R.S. § 22–501, and each justice of the peace within a county may preside in any other precinct within the county in the absence, illness, inability to act or upon the request of the justice of another precinct. A.R.S. § 22–114 as amended. Furthermore, A.R.S. § 22–511 imposes a duty upon the coroner to investigate deaths occurring under "such circumstances as afford reasonable ground to suspect that the death was occasioned by the act of another by criminal means." The statute further requires the coroner to go where the body is located and to summon a jury to inquire into the cause of death.

The primary purpose of an inquest is to provide a prompt investigation into deaths occurring under certain circumstances. Mar Shee v. Maryland Assur.

Corporation, 190 Cal. 1, 210 P. 269, 271 (1922). Furthermore an inquest is for the purpose of protecting the public interest, having as its object discovery of the cause of death, i. e., whether it was caused by some criminal act. 18 Am.Jur.2d Coroners § 7. However, the orderly processes of law must be maintained and a public official should not be interfered with in the performance of his official duties. This court, in denying to the petitioner the relief sought, does not feel that it is sanctioning a trespass on or usurpation of petitioner's jurisdiction. His decision not to hold an inquest and his subsequent interment order was tantamount to a relinquishment of all interest in the proceedings.

Another justice of the peace having determined that the inquest was necessary in the public interest, and the jurisdictional requisites for his acting in the matter being present, this court will not prohibit his proceeding with an inquest. A writ of prohibition is highly remedial, and will not be granted unless absolutely necessary or the public good requires it. Bennett v. District Court of Tulsa County, 81 Okl. 351, 162 P.2d 561, 564 (1945); Thompson v. Hart, 382 P.2d 758, 759 (Okl.Cr. 1963). As recently stated by our Supreme Court in Zimmerman v. Superior Court, 402 P.2d 212, filed May 24, 1965:

> "* * * prohibition is an extraordinary remedy granted only in rare cases, and is a matter of sound discretion, to be granted or withheld by the court according to the nature or circumstances of the case. City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P.2d 385 (1934)."

The alternative writ of prohibition is quashed.

KRUCKER, C. J., and MOLLOY, J., concurring.

---

1. However, in so holding, it is not the intention of this Court to place a stamp of approval on orders of this type.