410 P.2d 479

Charles ROTHWEILER, Petitioner-Respondent,

v.

SUPERIOR COURT OF PIMA COUNTY, Mary Anne Richey, Judge, and the City of Tucson, Respondents-Petitioners.

No. 8679–PR.

Supreme Court of Arizona.

En Banc.

Jan. 20, 1966.

See also 1 Ariz.App. 487, 404 P.2d 831.

J. William Moore, Phoenix, for petitioner-respondent.

Calvin Webster, Tucson City Atty., and John O. Franklin, Asst. City Atty., for respondent-petitioner City of Tucson.

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., by Howard Kashman, Deputy Co. Atty., for Pima County, State of Arizona, amici curiae.

Jestila & Holroyd, by Donald D. Holroyd, Phoenix, for Arizona State Bar, amici curiae.

J. LaMar Shelley, Mesa, General Counsel for League of Arizona Cities and Towns, amicus curiae.

UDALL, Justice.

Charles Rothweiler, petitioner herein, was tried and convicted in the City Court of Tucson of driving while under the influence of intoxicating liquor, a violation of A.R.S. § 28–692, as amended. Petitioner appealed the conviction to the Superior Court of Pima County and timely requested a jury trial. Respondent is a Judge of the Superior Court of Pima County who, petitioner contends, proposes to deny him a trial by jury as to the offense charged.

Petitioner received a sentence of ten days in the city jail and was ordered to pay a fine of $100 by the city court. The maximum penalty that may be assessed under A.R.S. § 28–692.01 for driving while under the influence of intoxicating liquor is a fine of not less than $100 nor more than $300 and imprisonment for not less than ten days nor more than six months, or both. Also, the court is given authority to suspend the driving privilege of a person so convicted for a period not to exceed ninety days.

Petitioner by original proceeding for writ of prohibition in the Court of Appeals of Arizona, Division 2, sought to prevent the Superior Court of Pima County from determining the matter without granting him a jury trial in that court. The Court of Appeals made permanent the desired writ in Rothweiler v. Superior Court of Pima County, 1 Ariz.App. 334, 402 P.2d 1010 (1965). In accordance with Rule 47(b), Rules of Court of Appeals, 17 A.R.S., respondents filed a petition for review of the Court of Appeals' decision which held there was a right to separate jury trials in the city court and the Superior Court in such cases unless waived by the accused. We granted the petition for review and have jurisdiction to determine this matter pursuant to A.R.S. § 12–120.24.

The extraordinary writ of prohibition is proper to prevent an inferior tribunal acting without or in excess of jurisdiction which may result in wrong, damage and injustice and there is no plain, speedy and adequate remedy otherwise available. Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1 (1958).

Paragraph 5 of the petition for a writ of prohibition stated:

"That the petitioner seeks the extraordinary relief of a Writ of Prohibition for the reason that the Superior Court of Pima County, acting by and through Mary Anne Richey, Judge, clearly exceeded its jurisdiction in denying the petitioner a trial by jury, and the petitioner has no right of appeal from said Order, and there is no plain, speedy and adequate relief at law for the petitioner; that in denying the petitioner a trial by jury, the said court did interfere with and violate the rights guaranteed to the petitioner by the United States Constitution and by Article 2, Sections 23 and 24, of the Constitution of Arizona."

The response to the petition for the alternative writ by respondents, stated:

"Respondents admit petitioner's allegations Nos. 2, 3, and 4, and deny each and every other allegation."

This was sufficient to contest the court's jurisdiction to issue the subject writ, and to object that prohibition was not an appropriate remedy.

■ The courts are divided as to whether prohibition is an appropriate remedy to test a party's right to a jury trial. The better view seems to be that this extraordinary remedy may be invoked if the accused has timely requested a jury trial. Courts favoring this remedy reason that an appeal from the final judgment is not adequate because an appeal will subject the party to the expense and harassment of a trial which may be futile if the appellate court subsequently determines that a jury trial was improperly denied. See Knight v. Superior Court, 95 Cal.App.2d 838, 214 P.2d 21 (1950); see generally 41 A.L.R.2d 774 (1955) and cases cited therein. Thus, our determination is that the remedy sought was appropriate under the facts of this case, and the Court of Appeals properly issued the writ. A.R.S. § 12–120.21.

Petitioner alleged by his petition for a writ of prohibition that the right to trial by jury, as to the offense charged, is guaranteed by the Constitution of Arizona, Art. 2, §§ 23, 24, A.R.S.; the Sixth Amendment of the U. S. Constitution as made obligatory upon the States by the Fourteenth Amendment; and by common law. The Court of Appeals found petitioner was entitled to a trial by jury in the city court under pertinent state statutes and rules of procedure, and, further that petitioner would be entitled to a jury trial upon appeal to the Superior Court.

The applicable portions of the State Constitution read as follows:

Art. 2, § 23, Constitution of the State of Arizona:

"The right of trial by jury shall remain inviolate * * *."

Art. 2, § 24, Constitution of the State of Arizona:

"In criminal prosecutions, the accused shall have the right * * * to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

The Sixth Amendment to the U. S. Constitution provides in part that:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *."

Art. 3, § 2 of the Constitution of the United States provides:

"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury * * *."

■ We have in other decisions discussed the extent of right of trial by jury as guaranteed by the Arizona Constitution. In Brown v. Greer, 16 Ariz. 215, 141 P. 841 (1914), we stated that the right of a jury trial as declared by our Constitution applied to such right as "existed when the Constitution was adopted."

■ In regard to Art. 2, § 23 of the Arizona Constitution, we recently stated in State v. Cousins, 97 Ariz. 105, 107, 397 P.2d 217 (1964) that:

"The provision of the Constitution quoted [Art. 2, § 23] does not give the right to a trial by jury, but its purpose is to guarantee the preservation of the right. Brown v. Greer, 16 Ariz. 215, 141 P. 841 (1914). The right of a trial by jury, which was thus confirmed and retained inviolate, is not and has never been a right which a defendant could invoke in all instances, even in charges of a criminal nature. It is applicable only in those matters in which it existed anciently under the common law."

This Court has consistently held that the right as guaranteed in the Constitution does not apply to petty offenses. State v. Cousins, 97 Ariz. 105, 397 P.2d 217 (1964); In re Davis, 28 Ariz. 312, 236 P. 715 (1925);

Bowden v. Nugent, 26 Ariz. 485, 226 P. 549 (1924).

The case of State v. Cousins, supra, however, is clearly distinguishable from the instant case. In that case the accused was charged with drunk and disorderly conduct in a public place, and we held that such a crime was not triable by jury at common law. The offense charged in the *Cousins* case was a violation of a city ordinance which carried a maximum punishment of $300 fine or three months imprisonment or both. A.R.S. § 9-240. In addition, A.R.S. § 22-425, subsec. A states:

"In the trial of offenses for violation of ordinances of cities or towns of such a nature as by the common law were not triable before a jury, no jury trial shall be granted."

The offense charged in the instant case is a violation of a state statute and the severity of the punishment is greater than that considered in the *Cousins* case.

In the *Davis* case, supra, the appellant was charged with driving an automobile while intoxicated, a misdemeanor, punishable by fine not exceeding $300 or confinement at hard labor not exceeding three months, in violation of a Phoenix city ordinance, and we held he was not entitled to a jury trial within the constitutional guaranty of trial by jury, classifying the offense as minor or petty triable in a summary manner. The *Davis* case dealt with a violation of a mu-

nicipal ordinance, while the instant case involves a violation of a state statute which petitioner contends is a different offense, as the punishment for violating A.R.S. § 28–692, as amended, is much more severe than in the *Davis* case. We agree, and would distinguish the *Davis* case for that reason.

It is conceded that the offense of driving while under the influence of intoxicating liquor was not a common law offense. In State v. Rodgers, 91 N.J.L. 212, 102 A. 433 (1917), the Court of Errors and Appeals of New Jersey held that driving while under the influence of intoxicating liquor was not an offense indictable at common law as not coming within the offense of public or common nuisance. The state courts, absent applicable statutes, are divided as to whether the offense of driving while under the influence of intoxicating liquor requires a jury trial in the first instance. Compare, City of Canon City v. Merris, 137 Colo. 169, 323 P.2d 614 (1958); State v. Hoben, 256 Minn. 436, 98 N.W.2d 813 (1959) which hold there is a right to jury trial, with State v. Rodgers, 91 N.J.L. 212, 102 A. 433 (1917); Hamilton v. Walker, 65 N.M. 470, 340 P.2d 407 (1959) which hold there is no right to a jury trial for the offense charged. Thus, we must examine the offense charged to determine if it is comparable to common law petty crimes.

■ It is not sufficient to merely label the crime of driving while under the influence of intoxicating liquor as a petty criminal offense not triable by a jury. In determining whether a crime is a petty offense that constitutionally may be tried without a jury the severity of the penalty inflictable, as well as the moral quality of the act and its relation to common law crimes, must be considered. Thus, the question is whether either the imprisonment of ten days to six months and a fine of $100 to $300, and the suspension of right to drive for a period which may be imposed for the offense charged, is sufficient to remove the charge from the "trivial crime" category. We think it is.

The doctrine that there is no right to a jury trial in "petty offenses" is deeply entrenched in the law. In the case of Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888), it was said:

"According to many adjudged cases, arising under constitutions which declare, generally, that the right of trial by jury shall remain inviolate, there are certain minor or petty offenses that may be proceeded against summarily, and without a jury  *  *  *."

See also, District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937); District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930); Schick v. U. S., 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904).

In Schick v. United States, supra, the United States Supreme Court concluded that "the intent [of the Framers] was to exclude from the constitutional requirement of a jury the trial of petty criminal offenses." In addition, it has been stated that "[e]xcept in that class or grade of offences called petty offences * * * the guaranty of an impartial jury to the accused in a criminal prosecution * * * secures to him the right to enjoy that mode of trial from the first moment, and in whatever court, he is put on trial for the offence charged." Callan v. Wilson, supra. "The severity of the penalty" must be considered in determining whether a violation of law, "in other respects trivial and not a crime at common law, must be deemed so serious as to be comparable with common-law crimes, and thus to entitle the accused to the benefit of a jury trial prescribed by the Constitution." District of Columbia v. Clawans, supra. There has been doubt "whether summary trial with punishment of more than six months' imprisonment, prescribed by some pre-Revolutionary statutes, is admissible * * *." District of Columbia v. Clawans, supra.

We are aware that under English statutes there were criminal offenses designated as petty which were triable summarily which carried possible imprisonment for periods in excess of six months. 17 Geo. II, chap. 5, IX (6 months); 5 Eliz. chap. 4, XXI (1 year); 8 Geo. I, chap. 2, XXXVI (1 year); 15 Geo. II, chap. 33, VI (1 year). Also many of the Colonies adopted statutes which authorized summary punishment of petty offenses by imprisonment in excess of three months. Frankfurter and Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury, 39 Harv.L.R. 917 (1926). However,

> "those standards of action and of policy which find expression in the common and statute law may vary from generation to generation. Such change has led to the abandonment of the lash and the stocks, and we may assume, for present purposes, that commonly accepted views of the severity of punishment by imprisonment may become so modified that a penalty once thought to be mild may come to be regarded as so harsh as to call for the jury trial, which the Constitution prescribes, in some cases which were triable without a jury when the Constitution was adopted." District of Columbia v. Clawans, 300 U.S. 617, 627, 57 S.Ct. 660, 663, 81 L.Ed. 843.

We think the severity of the penalty possible under A.R.S. § 28–692, as amended, may be regarded as "so harsh" as to bring the charge into the serious offense or major crime classification triable by jury.

The petitioner is subject upon conviction in the city court to either imprison-

ment, a fine and suspension of his right to drive for a period of time, or any combination of the three. The severity of the penalty that may be imposed demands that he be afforded protection of fundamental guarantees of life and liberty as guaranteed by the Arizona Constitution. The right to trial by jury in the first instance would seem to be essential and fundamental to protecting his right to a fair criminal prosecution.

The punishment that may be imposed under A.R.S. § 28-692, as amended, must be considered more than trivial, and more properly classified as a serious deprivation of fundamental rights demanding and requiring basic constitutional protection. In addition to the penal provisions the sanction relating to revocation of an individual's driver's license may have grave consequences.

■ We stated in Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963):

" 'The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that the right to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the constitutional guarantees of which the citizen may not be deprived without due process of law.' "

Berberian v. Lussier, 87 R.I. 226, 139 A.2d 869, 872 (1958).

Thus, the power to suspend the right to use the public highways should be protected by the fundamental individual right of a trial by jury where timely demanded. The argument of expediency and expense in the law must succumb where the individual dignity of the person and his rights are likely to be abused. City of Canon City v. Merris, 137 Colo. 169, 323 P.2d 614 (1958).

■ It must be accepted that under present-day conditions driving an automobile while under the influence of intoxicating liquor is an offense of a serious nature. The offense is a matter of statewide concern as it is a frequent infringement of a state statute enacted within the police power of the state, and its moral quality has become offensive to the public as demonstrated by the severity of the punishment. Such conduct is repugnant to the community as well as the law because of the potential harm and evil that may result from such practice. The power to imprison, fine and suspend the right to use the public highways must be considered today as the ability to impose grave criminal sanctions not comparable to petty crimes at common law which were tried summarily. In view of the foregoing considerations, we find the offense in question to be a serious crime which must be

triable before a jury when properly demanded.

Although, Art. 2, § 23 of the Constitution of Arizona states the "right of trial by jury shall remain inviolate" which refers to the right as it existed when the Constitution was adopted, we find it has no application in this case. Art. 2, § 24 of our Constitution states that "[i]n criminal prosecutions," the accused has the right to a "speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." Since we have characterized the offense as criminal in nature, as opposed to a petty crime, quasi-criminal or civil offense, we believe the guarantee of a jury trial in Art. 2, § 24 of the Constitution applies to criminal prosecutions of driving while under the influence of intoxicating liquor. Also, A.R.S. §§ 13–161[1] and 13–1592[2] must be considered in view of our determination that the offense charged is serious which commands a jury trial.

We do not deem it necessary to rely upon statutes adopted before our Constitution, statutes or rules of criminal procedure adopted after our Constitution, or

the Sixth Amendment to the United States Constitution. It is sufficient to find the right to trial by jury under the offense charged to be fundamental by modern and present standards. Nevertheless, an examination of present statutes relating to jury trials in courts not of record, would reasonably lead to a finding that in such instances where the offense charged is serious, the police courts are capable and must provide the fundamental right of trial by jury.

It should be noted there is a legislative history granting a jury trial in criminal proceedings in justice courts prior to adoption of the Arizona Constitution. See, Penal Code, § 1191 (1901); Penal Code § 2217 (1887); Laws, Ch. XI, § 583 (1871). This procedure is found in the 1956 codification as A.R.S. § 22–320 which states:

"A. A trial by jury shall be had if demanded by either the state or defendant. Unless the demand is made before commencement of the trial, a trial by jury shall be deemed waived.

"B. Upon demand being made for a jury trial, the justice of the peace or *presiding officer of a police court* shall issue an order directed to the

---

1. A.R.S. § 13–161. Speedy trial; * * *
   In a criminal action defendant is entitled:
   1. To have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.
   * * *

2. A.R.S. § 13–1592. Issue of fact raised by plea by defendant; jury trial
   An issue of fact arises in a criminal action upon a plea of not guilty, * * * and the issue of fact shall be tried by a jury.

sheriff of the county, or to any constable, marshal or policeman therein, commanding such officer to summon the number of qualified persons specified in the order to appear at the time and place therein fixed to serve as jurors in the action. If the required number of jurors do not appear, an additional order or orders may be issued." [Emphasis supplied]

The jurisdiction of the police court embodies "all cases arising under the ordinances of the city or town, and [it] has jurisdiction concurrently with the justices of the peace of precincts in which the city or town is located, of violations of laws of the state committed within the limits of the city or town." A.R.S. § 22–402.

▆ The only statute relating to jury trials in police courts is A.R.S. § 22–425 which provides:

"A. In the trial of offenses for violation of ordinances of cities or towns of such a nature as by the common law were not triable before a jury, no jury trial shall be granted."

There are no other procedural rules for a jury trial in Chapter 4 of Title 22 which deals with police courts, though obviously there must be a jury trial in city courts when a constitutional right to a jury trial is required. Bowden v. Nugent, supra. It does not seem reasonable that the legislature granted the police court concurrent jurisdiction over violations of state statutes with the justice court, yet intended to establish a separate procedure relating to police courts as to the right of jury trial. The offense is the same as is the penalty inflictable regardless of where tried, and we believe the procedure as to trial by jury should be identical. There is nothing which would expressly indicate a legislative intent to abrogate the right to demand a jury trial in the police court. The rule of statutory construction negating change, unless clearly expressed, leads us to the conclusion that provisions of A.R.S. §§ 22–320 through 22–326, pertaining to jury trials applies equally to trials in justice and police courts. See also, A.R.S. § 21–332; A.R.S. § 22–423; Ariz.R.Crim. P. 273.

In 1962, the legislature amended A.R.S. § 21–103 which relates to juries in civil and criminal actions in courts not of record. Prior to this amended statute, A.R.S. § 21–103 related only to juries in justice courts. The statute now reads, in part:

"A jury in a court not of record shall be composed of six persons in a criminal action * * *."

There is, of course, an implication that the legislature intended to establish the same procedure as to jury trial in both nonrecord courts.

■ Therefore, because the offense of driving while intoxicated is a serious offense not comparable to common law petty offenses today, and because by reasonable, practical construction of the state statutes relating to trial by jury in courts not of record, we hold that the petitioner is entitled to a trial by jury in the city court and since the matter must be tried de novo on appeal, is entitled to a jury trial in the Superior Court. Vazzano v. Superior Court, 74 Ariz. 369, 249 P.2d 837 (1952).

Fundamental rights should not depend upon an arbitrary choice as to the court in which they are instituted. There must be uniformity of treatment in criminal prosecutions, not depending on the place of prosecution, and this includes the right of trial by jury. The right to a jury trial should be jealously guarded and preserved by the courts, whether granted by the constitution or statutes. We are convinced that this right extends to the petitioner under the offense charged.

For the reasons stated the decision of the Court of Appeals is affirmed, and the writ of prohibition should be made permanent.

It is so ordered.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concurring.