20759

The STATE, Respondent, v. Barry Dean HORTON, Appellant.

(248 S. E. (2d) 263)

*Jack H. Lynn,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Kay G. Crowe,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

October 10, 1978.

NESS, Justice:

Heretofore, on the 31st day of August, 1978, this Court filed its opinion in this case. It is now before us as a result of a petition for a re-hearing. Upon a consideration of the petition, it is ordered that our former opinion be withdrawn and the following substituted therefor.

Appellant Horton was convicted of murder. We affirm.

The body of Ralph Alexander was found in Pickens County in the early morning hours of January 20, 1977. He had been shot and his pickup truck had been struck in the rear.

Initially, appellant challenges the constitutionality of the affidavit giving rise to the search warrant. As any items seized pursuant to this warrant were not introduced into evidence, appellant's exception to the sufficiency of the affidavit is without merit.

Appellant also asserts the trial court erred in allowing his past criminal record into evidence. Appellant contends his past conviction for "hit and run" did not involve moral turpitude and should not have been allowed into evidence. We disagree.

"Moral turpitude" has been defined as: ". . . an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man . . ." 58 C. J. S. Moral p. 1201.

Appellant's argument, that at the time of his prior conviction, leaving the scene of an auto accident where either property damage or personal injury had occurred was merely a motor vehicle regulation, is unpersuasive. "Moral turpitude implies something immoral in itself, regardless of whether it is punishable by law as a crime." Id. at 1203.

An act in which fraud is an ingredient involves moral turpitude. *Jordan v. DeGeorge,* 341 U. S. 223, 71 S. Ct. 703, 95 L. Ed. 886 (1951) ; *Iowa State Bar Association v. Kraschel,* 260 Iowa 187, 148 N. W. (2d) 621 (1967). One who leaves the scene of an accident is fraudulently attempting to relieve himself of any liability.

---

1 "Hit and run" is the common name for the offense outlined in Code Section 56-5-1210.

We conclude the offense of "hit and run"[1] is contrary to justice, honesty and good morals. It involves moral turpitude and was properly admitted into evidence as bearing on appellant's credibility.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.