826 P.2d 1215

Ruben R. MUNGARRO, Petitioner,

v.

The Honorable James L. RILEY, A Judge for the Superior Court of the State of Arizona, County of Chochise, and the Honorable Michael Cass, Justice of the Peace of the Justice Court of Cochise County, Respondents,

and

The STATE of Arizona, Real Party in Interest.

No. 2 CA–SA 91–0130.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 5, 1991.

Review Denied April 7, 1992.*

* Corcoran and Martone, JJ., of the Supreme Court, voted to grant review.

Robert Arentz, Cochise County Public Defender by Vincent J. Frey, Bisbee, for petitioner.

Alan K. Polley, Cochise County Atty. by Douglas C. Whitney, Bisbee, for real party in interest.

## OPINION

LACAGNINA, Presiding Judge.

■ This special action is brought from the lower court's denial of petitioner Ruben R. Mungarro's demand for a jury trial on the charge of false reporting to a law enforcement agency, in violation of A.R.S. § 13–2907.01. Because Mungarro is without an adequate remedy by appeal, and a special action is the proper means for questioning the right to a jury trial, *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966), we assume jurisdiction and grant relief.

■ A criminal defendant is guaranteed the right to a jury trial. Ariz.Const. art. 2, §§ 23, 24. That right, however, has only been extended to serious crimes. *Rothweiler, supra.* A three-prong test has been formulated to assess whether a crime is serious. A jury trial will be warranted where either (1) the defendant is exposed to a severe penalty; (2) the act involves moral turpitude; or (3) the crime has traditionally merited a jury trial. *State ex rel. Baumert v. Superior Court*, 127 Ariz. 152, 618 P.2d 1078 (1980); *State v. Harrison*, 164 Ariz. 316, 792 P.2d 779 (App.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 979, 112 L.Ed.2d 1064 (1991).

■ As to the first test, the maximum imposable penalty for a defendant facing a class 1 misdemeanor is a six-month jail term and a fine of up to $2,500. To constitute a severe penalty, the exposure to incarceration must exceed six months, *Harrison, supra,* 164 Ariz. at 317, 792 P.2d at 780. The amount in fines has been held to be of "no talismanic significance." *Baumert, supra,* 127 Ariz. at 154–55, 618 P.2d at 1080–81.

The prong of the test which mandates a jury trial for crimes which merited a jury trial at common law is not applicable because the crime with which Mungarro is charged did not exist at common law. Indeed, it did not even exist in Arizona until it was added in 1981.

Therefore, only if the crime here involves moral turpitude would Mungarro be entitled to a jury trial. In discussing the moral quality of an accused's acts, some cases characterize the conduct as that of a "depraved and inherently base person," *O'Neill v. Mangum*, 103 Ariz. 484, 445 P.2d 843 (1968). *See also Du Vall v. Board of Medical Examiners*, 49 Ariz. 329, 66 P.2d 1026 (1937). In other cases, moral turpitude has been found to refer to acts which adversely reflect on honesty, integrity, or personal values. *State ex rel. Dean v. Dolny*, 161 Ariz. 297, 778 P.2d 1193 (1989), *cert. denied,* 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990); *see* Ariz.R.S.Ct. 42, 17A A.R.S., Rules of Professional Conduct, ER 8.4 (Comment). Moral turpitude has been held to involve a readiness to do evil, that is, such conduct which would support an inference of a witness's readiness to lie. *People v. Garrett*, 195 Cal.App.3d 795, 241 Cal.Rptr. 10 (1987). In *Hackman v. Commonwealth*, 220 Va. 710, 261 S.E.2d 555 (1980), the supreme court of Virginia found that making a false statement was a crime involving moral turpitude, 261 S.E.2d at 559, citing *Chesapeake & O. Ry. Co. v. Hanes*, 196 Va. 806, 86 S.E.2d 122 (1955).

■ A conviction pursuant to A.R.S. § 13–2907.01 would reflect adversely on Mungarro's moral character. We believe, therefore, the respondent superior court and the respondent justice court erred in denying Mungarro's motion for a jury trial. The case is remanded to justice court for a jury trial.

LIVERMORE, C.J., and HOWARD, J., concur.