836 P.2d 1004

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Leslie B. MILLER, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**Guillermo ORTIZ, Real Party in Interest.**

**No. 2 CA-SA 92–0020.**

Court of Appeals of Arizona, Division 2, Department A.

March 13, 1992.

Review Denied Oct. 6, 1992.

Stephen D. Neely, Pima County Atty. by Catherine M. Shovlin and Bobbi A.M. Berry, Tucson, for petitioner.

Lopez, Estrada & Perez–Medrano, P.C. by Hector C. Estrada, Tucson, for respondent.

## OPINION

LACAGNINA, Presiding Judge.

■ The real party in interest was charged in a misdemeanor complaint in February 1991 with one count of operating as a contractor without a license in violation of A.R.S. § 32–1151, and one count of advertising as a contractor without a license in violation of A.R.S. § 32–1165. Following the denial of his motion for a jury trial in justice court, the real party in interest filed a special action in superior court. The respondent judge granted the motion for a jury trial, the ruling giving rise to this special action. Because the state is without an adequate remedy by appeal, and a special action is the proper method to question the right to a jury trial, *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966), we assume jurisdiction and grant relief.

■ As we recently stated in *Mungarro v. Riley,* 170 Ariz. 589, 826 P.2d 1215 (Ct.App.1991), a criminal defendant, while guaranteed the right to a jury trial under Ariz.Const. art. II, §§ 23 and 24, is only entitled to that right when charged with a serious crime. *See also Rothweiler, supra.* The three-pronged test to determine whether a crime is serious is whether (1) the defendant is exposed to a severe penalty; (2) the act involves moral turpitude; or (3) the crime has traditionally merited a jury trial. *State ex rel. Baumert v. Superior Court,* 127 Ariz. 152, 618 P.2d 1078

(1980); *State v. Harrison,* 164 Ariz. 316, 792 P.2d 779 (App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 979, 112 L.Ed.2d 1064 (1991).

■ As in *Mungarro,* the prongs of the test relating to the severity of the penalty and the treatment of the crime at common law are not in issue here. The real party in interest's exposure to incarceration does not exceed six months, and it has been held that the amount of fines is of no "talismanic" significance. *State ex rel. Baumert v. Superior Court,* 127 Ariz. at 155, 618 P.2d at 1081, *quoting Muniz v. Hoffman,* 422 U.S. 454, 477, 95 S.Ct. 2178, 2191, 45 L.Ed.2d 319, 335 (1975). Also, the crimes of contracting or advertising to contract without a license are statutory offenses unrelated to general common law principles. *See State v. Richey,* 158 Ariz. 298, 762 P.2d 585 (App.1988), *vacated in part on other grounds,* 160 Ariz. 564, 774 P.2d 1354 (1989).

■ Therefore, as in *Mungarro,* only if the crime involves moral turpitude would the respondent court have been correct in ordering a jury trial. We find that the crimes here do not involve moral turpitude. Conducting one's business and advertising without having obtained the required license are not acts of a "depraved and inherently base person." *O'Neill v. Mangum,* 103 Ariz. 484, 485, 445 P.2d 843, 844 (1968). Nor would the conduct involved in such crimes support the inference that the perpetrator was ready to lie. *People v. Garrett,* 195 Cal.App.3d 795, 241 Cal.Rptr. 10 (1987). The crimes with which the real party in interest is charged do not require any culpable mental state and are punishable only because the conduct has occurred, a strict liability approach to criminal responsibility. The doing of these acts alone constitutes the crimes, and the "moral turpitude or purity of the motive by which it was prompted and knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt." *Borderland Const. Co. v. State,* 49 Ariz. 523, 529, 68 P.2d 207, 210 (1937). The moral character of the perpetrator of these of-

fenses is not in question. While it is true that conviction of these charges would effect a degree of humiliation and damage to reputation, *see State ex rel. Dean v. Dolny*, 161 Ariz. 297, 778 P.2d 1193 (1988), *cert. denied*, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990), no reflection on moral character is involved. Therefore, the respondent superior court erred in granting the motion for a jury trial. The order of the respondent court granting the motion is vacated and the case is remanded to justice court for trial without a jury.

LIVERMORE, C.J., and HOWARD, J., concur.