928 P.2d 697

Randal B. **FREDERICKSON**, Petitioner,

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, The Honorable Stephen A. Gerst, a judge thereof, Respondent Judge,**

The **PHOENIX CITY PROSECUTOR'S OFFICE, Real Party in Interest.**

No. 1 CA–SA 96–0123.

Court of Appeals of Arizona,
Division 1, Department E.

June 25, 1996.

Review Denied Dec. 17, 1996.*

Neal W. Bassett, Phoenix, for Petitioner.

Roderick G. McDougall, Phoenix City Attorney by Michael R. Schaffert, Assistant City Prosecutor, Phoenix, for Respondent.

**OPINION**

KLEINSCHMIDT, Judge.

Randal Frederickson, the Petitioner, filed a petition for special action from the trial judge's denial of his request for a jury trial. Following argument, we accepted jurisdiction and granted relief because we concluded that leaving the scene of an accident is a crime of moral turpitude and that the Petitioner is therefore entitled to a jury trial. This opinion explains our decision.

The Petitioner was charged with leaving the scene of an accident in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 28–662. He filed a request for a jury trial in the Phoenix City Court, which the judge denied. The Petitioner then filed a special action in the superior court. He argued that a jury trial was appropriate because the charged offense involved moral turpitude. The trial judge denied relief but granted a stay to allow the Petitioner to file a special action in this court.

Under Arizona law a crime is a jury eligible offense if:

---

* Martone, J., of the Supreme Court, voted to grant    the Petition for Review.

(1) the defendant is exposed to a severe penalty, i.e., a penalty in which the exposure exceeds six months imprisonment or $1,000 in fines; (2) the act involves moral turpitude; (3) the crime has traditionally merited a jury trial.

*State v. Harrison,* 164 Ariz. 316, 317, 792 P.2d 779, 780 (App.1990), *cert. denied, Harrison v. Arizona,* 498 U.S. 1093, 111 S.Ct. 979, 112 L.Ed.2d 1064 (1991). "Each prong is independently sufficient to give rise to a jury trial." *Id.*

■ The Petitioner maintains that leaving the scene of an accident is a jury eligible offense because it involves moral turpitude. The term "moral turpitude" describes conduct which is "depraved and inherently base" or refers to "acts that adversely reflect on one's honesty, integrity, or personal values." *Mungarro v. Riley,* 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App.1991); *State ex rel. Dean v. Dolny,* 161 Ariz. 297, 300 n. 3, 778 P.2d 1193, 1196 n. 3 (1989), *cert. denied, Arizona ex rel. Dean v. City Court of City of Tucson,* 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

■ While we doubt that leaving the scene of an accident can be described as depraved or inherently base, and while we need not rest our decision on the broad concept that it is an act which reflects adversely on personal values, leaving the scene of an accident is certainly an act which reflects adversely on one's honesty and integrity. At least two other jurisdictions have held, in a different context, that leaving the scene of an accident is a crime of moral turpitude. *State v. Horton,* 271 S.C. 413, 248 S.E.2d 263 (1978); *People v. Bautista,* 217 Cal.App.3d 1, 265 Cal.Rptr. 661 (1990). Although these cases dealt with the admissibility of a defendant's prior felony convictions, we find the discussion of moral turpitude in those cases instructive. In *Horton,* the court noted that "[a]n act in which fraud is an ingredient involves moral turpitude." *Horton,* 248 S.E.2d at 263 (citing *Jordan v. DeGeorge,* 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951)). Because "[o]ne who leaves the scene of an accident is fraudulently attempting to relieve himself of any liability," the court concluded that the offense was a crime of moral turpi-

tude. *Horton,* 248 S.E.2d at 264. In *Bautista,* the court found that one who leaves the scene of an accident is seeking to evade prosecution by concealing his identity. 265 Cal.Rptr. at 665. The court concluded: "One can certainly infer that such a mental state indicates a 'general readiness to do evil' or moral turpitude." *Id.*

Our supreme court has found that "[t]he gist of [leaving the scene of an accident] is in concealing, or attempting to conceal the identity of one involved in an automobile accident." *State v. Milligan,* 87 Ariz. 165, 169, 349 P.2d 180, 184 (1960). The Petitioner's attempt to conceal his identity and avoid liability adversely reflects on his honesty and integrity. *See Mungarro, supra.* The crime of leaving the scene of an accident, therefore, involves moral turpitude and is a jury eligible offense.

The State argues that because fraud or dishonesty is not a formal element of the crime of leaving the scene of an accident which must be proved, the crime is not one of moral turpitude. Put another way, the State says that the crime is not one of moral turpitude because the moral character of the Defendant is immaterial to the question of guilt. We acknowledge that although fraud and dishonesty may be the usual motive for leaving the scene of an accident, that might not be true in every case. For example, one might be involved in an accident while rushing a critically ill person to the hospital and not stop, opting instead to save a life. There are, however, three problems with the State's argument. First, there is no case that says moral turpitude is defined by the elements of the offense. Second, whatever the motive for leaving the scene, a person convicted of that crime will be perceived by the community as having acted dishonestly. Third, if the State were correct, it would be necessary in every case to make a preliminary inquiry about the defendant's motive before allowing a jury trial. For these reasons, we decline to adopt the State's position.

Our order accepting jurisdiction and granting relief is affirmed.

SULT, P.J., concurs.

GERBER, Judge, Specially Concurring.

While I agree with the analysis and result, I write specially merely to note that the *Mungarro* definition of moral turpitude is so broad that it fits most, if not all, crimes. I can't find a crime that fails to "reflect adversely" on its perpetrator's "personal values." Such a broad definition of moral turpitude becomes a tautology and, as such, is a useless concept. A more discriminating definition is needed in its place.