944 P.2d 515

STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT of Arizona, In and For the COUNTY OF MARICOPA; and the Honorable Thomas Dunevant, a Judge thereof; Respondent Judge,

and

Gary TIBSHRAENY, Real Party in Interest.

No. 1 CA–SA 97–0156.

Court of Appeals of Arizona, Division 1, Department B.

July 22, 1997.

Catherine J. Kelley, Gilbert Town Prosecutor by Nicole R. Laurin, Assistant Town Prosecutor, Gilbert, for Petitioner.

Killian, Nicholas, Fischer, Wirken, Cook & Pew, P.L.C. by M. Paul Fischer and Kent M. Nicholas, Mesa, for Real Party in Interest.

## OPINION

LANKFORD, Judge.

The State petitions this Court for special action relief, claiming that the trial court erred in granting defendant's request for a jury trial. We agree and grant the State's requested relief.

■ Because the State is without an adequate remedy by appeal, and special action review is the proper manner to address the right to a jury trial, we accept jurisdiction. *See State v. Miller*, 172 Ariz. 294, 295, 836 P.2d 1004, 1005 (App.1992).

The facts are as follows. Defendant was charged with contracting without a license, a class one misdemeanor. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 32–1151. If convicted, defendant faced a possible punishment of six months imprisonment and a $2,500 fine, which is the maximum punishment for a class one misdemeanor. The municipal court judge denied defendant's request for a jury trial and convicted him following a bench trial.

Defendant appealed to the Maricopa County Superior Court and again requested a jury trial. The trial judge granted defendant's request, ruling that the maximum fine for conviction of the charged offense was sufficiently severe to warrant a jury trial.

■ The State argues that the trial court exceeded its authority in ordering a jury trial. We agree.

In order to determine whether a defendant has a right to a jury trial, Arizona courts apply the three part test set forth in *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966). Courts must consider "the severity of the penalty inflictable, as well as the moral quality of the act and its relation to common law crimes." *Id.* at 42, 410 P.2d at 483. Each prong of this test is independently sufficient to trigger the right to a jury trial. *Frederickson v. Superior Court,* 187 Ariz. 273, 274, 928 P.2d 697, 698 (App.1996). We are principally concerned here with the first prong.[1]

Defendant's potential penalty—six months in jail and a $2,500 fine—is not sufficiently severe to warrant a jury trial. This Court most recently addressed this issue in *Frederickson, supra.* In *Frederickson,* we held that leaving the scene of an accident is a jury-eligible offense. Although *Frederickson* rested on the moral turpitude of the offense, we cited the following definition of the severity prong in dictum:

> Under Arizona law a crime is a jury eligible offense if:
>
> (1) the defendant is exposed to a severe penalty, *i.e. a penalty in which the exposure exceeds six months imprisonment or $1,000 in fines[.]* ...

*Frederickson,* 187 Ariz. at 274, 928 P.2d at 698 (quoting *State v. Harrison,* 164 Ariz. 316, 317, 792 P.2d 779, 780 (App.1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 979, 112 L.Ed.2d 1064 (1991)) (emphasis added). By this measure, a jury trial would be warranted in this case. However, *Frederickson* misstated the rule.

*Harrison* in turn attributed this definition of "severe penalty" to *State ex rel. Baumert v. Superior Court,* 127 Ariz. 152, 618 P.2d 1078 (1980). However, *Baumert* did not so hold. Instead, the Supreme Court held that "a maximum penalty of 6 months imprisonment and a possible maximum penalty of $1,000 fine for the crime of disorderly conduct does *not* constitutionally require a trial by jury because the penalty is *not* serious[.] ..." *Id.* at 155, 618 P.2d at 1081 (emphasis added). Thus, *Harrison* mischaracterized the rule of *Baumert,* and *Frederickson* relied upon *Harrison.*[2] We therefore take this opportunity to clarify the law concerning the severity of punishment necessary to trigger defendant's right to a jury trial.

The amount of the fine alone does not control the right to jury trial. *E.g., Baumert, supra.* The total potential punishment is determinative. Accordingly, we examine the potential fine in conjunction with the maximum jail sentence. In 1980, our supreme court held that six months in jail and a $1,000 fine was not "serious" enough to warrant a jury trial. *Baumert, supra.* More recently, this Court held that six months in jail and a $2,500 fine did not expose defendant to "severe penalty." *Mungarro v. Riley,* 170 Ariz. 589, 826 P.2d 1215 (App.1991) (granting jury trial based on moral turpitude of false reporting to law enforcement agency); *see also Miller,* 172 Ariz. at 295, 836 P.2d at 1005 (denying jury trial for charge of contracting without a license because, *inter alia,* six months in jail plus fine not sufficiently severe). Thus, the trial court incorrectly ruled that Tibshraeny's potential penalty—$2,500 maximum fine and six months jail time—is severe enough to warrant a jury trial.

Relief granted.

KLEINSCHMIDT, P.J., and FIDEL, J., concur.

---

1. Defendant clearly fails the final two parts of the *Rothweiler* test. This Court has held that contracting without a license does not involve moral turpitude and is unrelated to any common law offense. *Miller, supra.* Therefore, defendant is not entitled to a jury trial under these parts of the *Rothweiler* test.

2. The right to a jury trial based on more than six months potential incarceration is required by United States Supreme Court case interpreting the Sixth Amendment, which applies to the States under the Due Process Clause. *See, e.g., Baldwin v. New York,* 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970) ("[N]o offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized."). Interestingly, none of the prior Arizona cases makes this point—i.e., the supremacy of the federal provision—clear.