971 P.2d 197

The STATE of Arizona, Petitioner,

v.

The Honorable J. Michael FLOURNOY, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF COCONINO, Respondent Judge,

Jon Kevin Ming, Real Party in Interest.

No. 1 CA–SA 98–0031.

Court of Appeals of Arizona, Division 1, Department D.

March 26, 1998.

Flagstaff City Attorney's Office by S. Lee White, Assistant City Attorney, Flagstaff, for Petitioner.

Law Office of Lee Brooke Phillips, P.C. by Thomas W. Dean, Flagstaff, for Real Party in Interest.

## OPINION

NOYES, Acting Presiding Judge.

¶ 1 The question is whether a defendant who waives the right to trial by jury in municipal court can invoke that right when granted a trial de novo on appeal to superior court. The trial court allowed Real Party in Interest ("Ming") to invoke that right, and

the State filed a petition for special action. We accept jurisdiction and deny relief.

¶2 Ming was convicted of DUI in a trial to the Flagstaff Municipal Court sitting without a jury. Ming failed to appear for trial, but his appeal to superior court was authorized by Arizona Revised Statutes Annotated ("A.R.S.") section 22–371 (Supp.1997), which provides, "The defendant in a criminal action may appeal to the superior court from the final judgment of a justice or municipal court." Because the municipal court trial was not recorded, Ming was entitled to a trial de novo in superior court pursuant to A.R.S. section 22–374 (1990), which provides, "An appeal shall be on the record of proceedings if such record includes a transcript of the proceedings. Trial de novo shall be granted in all appeals wherein a transcript of the proceedings has not been maintained."

¶3 When Ming demanded a jury for his trial de novo, the State argued that he could not invoke that right in superior court because he had waived it in municipal court. The trial court granted Ming's demand, and the State filed a petition for special action. We accept jurisdiction "[b]ecause the State is without an adequate remedy by appeal, and special action review is the proper manner to address the right to a jury trial." *State v. Superior Court,* 189 Ariz. 573, 944 P.2d 515 (App.1997) (citing *State v. Miller,* 172 Ariz. 294, 295, 836 P.2d 1004, 1005 (App.1992)).

¶4 An Arizona DUI defendant has the right to a jury trial. *Myers v. Reeb,* 190 Ariz. 341, 947 P.2d 915, 916 (App.1997) (citing *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966)). A.R.S. section 22–320(A) (1990), which sets forth jury trial procedures for justice and municipal courts, provides, "A trial by jury shall be had if demanded by either the state or defendant. Unless the demand is made at least five days before commencement of the trial, a trial by jury shall be deemed waived." It is undisputed that Ming did not demand a trial by jury in municipal court and so waived the right there. We conclude, however, that the municipal court proceedings became irrelevant when Ming was granted a trial de novo in superior court.

¶5 Trial de novo means "[a] new trial or retrial had in which the whole case is retried as if no trial whatever had been had in the first instance. A trial of the entire case anew, both on law and on facts." Black's Law Dictionary 1046 (abridged 6th ed.1991). *See, e.g., Burris v. Davis,* 46 Ariz. 127, 132, 46 P.2d 1084, 1086 (1935) (on trial de novo, "the case will be heard on both the law and the facts as though it has originated in the superior court"). We conclude that trial de novo has to be viewed as though the case originated in superior court, for if it was not viewed that way, the superior court trial would be something less than a trial de novo.

¶6 For its waiver argument, the State relies on *State v. Harrison,* 164 Ariz. 316, 792 P.2d 779 (App.1990) (partially questioned by *State v. Superior Court,* 189 Ariz. at 574, 944 P.2d at 516). That case involved trial de novo on a charge of failure to provide proof of insurance. After holding that no right to jury trial existed in *any* court for this minor charge, we stated:

> The second reason why defendant is not entitled to a jury trial is that he failed to timely request one. Arizona law requires a party to demand a jury at least five days before a trial commences; failure to do so waives that right. A.R.S. § 22–320(A). In the present case, he did not request a jury trial until he appealed to the superior court. Therefore, even if there was such a right to a jury, it was waived.

*Id.* at 319, 792 P.2d at 782. This "even if" discussion was dictum and, as such, was not binding on the trial court. *See Creach v. Angulo,* 186 Ariz. 548, 551–52, 925 P.2d 689, 692–93 (App.1996), *approved by* 189 Ariz. 212, 941 P.2d 224 (1997) (dictum is not binding precedent). Further, the *Harrison* dictum was based on justice and municipal court statutes that do not govern trial procedures in superior court. For example, Rule 9.7(a) of the Local Rules of Practice for the Superior Court in Maricopa County provides, "Trial de novo of criminal matters will comply with Rule 30, Rules of Criminal Procedure. A request for a jury trial must be made, in writing, within five (5) days of the assignment to a division for a trial."

¶7 Because Coconino County Superior Court does not have a similar local rule, we look to the rules with general application in superior court, namely, to the Arizona Rules

of Criminal Procedure. Rule 18.1(b) provides, in pertinent part:

> **b. Waiver.** The defendant may waive his or her right to trial by jury with consent of the prosecution and the court.
>
> (1) *Voluntariness.* Before accepting a waiver the court shall address the defendant personally, advise the defendant of his or her right to a jury trial and ascertain that the waiver is knowing, voluntary, and intelligent.
>
> (2) *Form of Waiver.* A waiver of jury trial under this rule shall be made in writing or in open court on the record.

Ming made no such waiver in superior court; to the contrary, he invoked his right to a trial by jury.

¶8 We hold that a defendant who waives the right to a trial by jury in justice or municipal court can invoke that right on trial de novo in superior court. Because the trial court properly applied the law, we deny relief on the petition for special action.

VOSS and GERBER, JJ., concur.