979 P.2d 1017

**Daniel Paul BENITEZ, Petitioner,**

v.

**The Honorable Thomas DUNEVANT III, Judge of the Superior Court Of The State Of Arizona, in and for the County of Maricopa, Respondent Judge,**

**The Phoenix City Prosecutor's Office, Real Party in Interest.**

No. 1 CA–SA 98–0126.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 27, 1998.

Review Granted May 25, 1999.

Neal W. Bassett, Phoenix, for Petitioner.

Roderick G. McDougall, City Attorney by Rebecca M. Gore, Assistant City Prosecutor, Phoenix, for Real Party in Interest.

## OPINION

NOYES, Judge.

¶ 1 We hold that driving on a DUI-suspended license is a jury-eligible offense and that Arizona Revised Statutes Annotated ("A.R.S.") section 22–320(A) (1990) is constitutional.

¶ 2 Petitioner was charged with driving when his license was suspended for conviction of Driving while Under the Influence of Intoxicating Liquor ("DUI"). The offense is in violation of A.R.S. section 28–3473(B) (1998) (formerly section 28–473(B) (Supp. 1997)). Petitioner was also charged with other, more minor, violations that are not relevant here.

¶ 3 After a bench trial, Petitioner was found guilty and was sentenced to 48 hours in jail, a $1010 fine, and a 90–day suspension of his driver's license. Petitioner then appealed to superior court and argued for the first time that he had the right to a jury trial

on the 28–3473(B) charge. The superior court held that Petitioner had no such right, and that if he had such a right, he waived it by not demanding a jury five days prior to trial, as required by A.R.S. section 22–320(A). Petitioner then filed a petition for special action in this court. We have jurisdiction pursuant to A.R.S. section 12–120.21(A)(4) (1992) and Arizona Rules of Procedure for Special Actions, Rule 3.

¶ 4 We accept jurisdiction because special action is a proper method for determining the existence of the right to a jury trial. *See State ex rel. McDougall v. Strohson (Cantrell)*, 190 Ariz. 120, 121, 945 P.2d 1251, 1252 (1997); *Rothweiler v. Superior Ct.*, 100 Ariz. 37, 39–40, 410 P.2d 479, 481 (1966).

### Right to a Jury

¶ 5 The Arizona Constitution, article 2, sections 23 and 24, guarantees all criminal defendants the right of trial by jury. The right applies to serious offenses; it does not apply to petty offenses. *See State ex rel. Dean v. Dolny*, 161 Ariz. 297, 299, 778 P.2d 1193, 1195 (1989). "In determining whether a crime is a petty offense that constitutionally may be tried without a jury the severity of the penalty inflictable, as well as the moral quality of the act and its relation to common law crimes, must be considered." *Rothweiler*, 100 Ariz. at 42, 410 P.2d at 483.

¶ 6 "Arizona has long provided its citizens with greater access to jury trials than is required by the federal constitution." *Strohson*, 190 Ariz. at 121–22, 945 P.2d at 1252–53. Other jurisdictions have taken a more restrictive approach to the right to jury trial, but we do not discuss cases from other jurisdictions, for we are bound by the opinions of our supreme court. *See Myers v. Reeb*, 190 Ariz. 341, 342, 947 P.2d 915, 916 (App.1997) ("The magistrate's failure to follow *Rothweiler* was a misfeasance for which special action relief was appropriate.").

¶ 7 *Rothweiler* held that a person charged with DUI has the right to a jury. *Id.* at 47, 410 P.2d at 486. When *Rothweiler* was decided, the potential consequences for conviction of DUI were six months in jail, a

$300 fine, and a 90–day license suspension. *Id.* at 39, 410 P.2d at 480. The potential consequences for conviction of driving on a DUI-suspended license are greater; they are six months in jail, a $2500 fine, and a one-year license suspension. *See* A.R.S. §§ 13–707(A) (1989), 13–802(A) (1989), 28–3473(D).

■ ¶ 8 When we apply the *Rothweiler* analysis and follow its holding, as all courts inferior to the supreme court must do, we conclude that a person charged with driving on a DUI-suspended license is entitled to a jury in Arizona for the same reasons that a person charged with DUI is entitled to a jury in Arizona.

■ ¶ 9 A potential penalty of six months in jail and a $2500 fine does not, by itself, warrant a jury trial. *See State v. Superior Ct. (Tibshraeny),* 189 Ariz. 573, 574, 944 P.2d 515, 516 (App.1997). In deciding whether an offense is jury eligible, Arizona considers the potential consequences of conviction, in addition to the potential jail term and fine. *See Dolny,* 161 Ariz. at 300, 778 P.2d at 1196. The *Rothweiler* court concluded that "[i]n addition to the penal provisions the sanction relating to revocation of an individual's driver's license may have grave consequences." 100 Ariz. at 44, 410 P.2d at 484. Similarly, the *Dolny* court concluded that "a conviction for possession of marijuana results in consequences sufficiently grave to warrant a jury trial." 161 Ariz. at 300, 778 P.2d at 1196. The grave consequences in *Dolny* were "decreased employment opportunities," employer-required "drug counselling, treatment, or testing," and the fact that a drug conviction would preclude a person from obtaining certain occupational and professional licenses. *Id.*[1]

■ ¶ 10 A person charged with driving on a DUI-suspended license faces a license suspension equivalent to the length of the suspension in the underlying DUI, "but not more than one year from the date the person would otherwise be entitled to apply for a new license...."[2] A.R.S. § 28–3473(D). In other words, the "grave consequences" in this case exceed those in *Rothweiler* by a factor of four; *Rothweiler* involved a three-month suspension and this case involves a one-year. suspension. That Petitioner himself may not have been exposed to a one-year suspension is irrelevant. *See Strohson,* 190 Ariz. at 125, 945 P.2d at 1256 ("[W]e have never determined jury eligibility based upon an analysis of the individual defendant before the court."). If jury eligibility turned on a case-by-case analysis, "we would have the anomalous situation where some persons would be entitled to a jury trial and others would not, although charged with exactly the same substantive Arizona crime." *Id.*

¶ 11 The City argues that a potential one-year license suspension is not a "grave consequence" warranting a jury trial, and it relies mainly on *State v. Harrison,* 164 Ariz. 316, 317, 792 P.2d 779, 780 (App.1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 979, 112 L.Ed.2d 1064 (1991). There, this court found that a three-month license suspension for running a red light and having no proof of insurance did not make those offenses jury eligible because "driving is a privilege, not a right," "suspension is a civil sanction, not criminal," and "a three-month suspension of driving privileges is not so onerous." *Id.* at 318, 792 P.2d at 781. To the extent that

1. Not all adverse consequences make an offense jury eligible. *Spitz v. Municipal Court of City of Phoenix,* 127 Ariz. 405, 408, 621 P.2d 911, 914 (1980), held that selling liquor to a minor was not a jury-eligible offense, even though conviction could result in the defendant losing his liquor license. *Strohson,* 190 Ariz. at 127, 945 P.2d at 1258, held that simple assault, classified as domestic violence, was not a jury-eligible offense, even though a conviction would disable defendant from possessing a firearm shipped or transported in interstate commerce.

2. Petitioner asserts that he faced a one-year suspension because his underlying suspension was for violation of A.R.S. section 28–1321(B) (1998) (formerly section 28–691(B) (Supp.1997))—refusing to take a breath test—which provides for a one-year suspension. The State does not dispute Petitioner's assertion, but it charged Petitioner under A.R.S. section 28–3473(B), which applies to suspensions for violations of sections 28–1381, 28–1383, and 28–1385 (1998) (formerly sections 28–692, 28–697, and 28–684 (Supp.1997)); it does not apply to suspensions for refusing to take a breath test. This ambiguity has no effect upon our analysis; either charge involved a potential one-year suspension.

*Harrison* minimizes a three-month license suspension, it conflicts with *Rothweiler*, which found that the consequences flowing from said suspension were grave enough to make DUI a jury-eligible offense. We think that passages like the following one from *Rothweiler* can be read only one way in connection with DUI and DUI-based charges:

> The power to imprison, fine and suspend the right to use the public highways must be considered today as the ability to impose grave criminal sanctions not comparable to petty crimes at common law which were tried summarily. In view of the foregoing considerations, we find the [DUI] offense in question to be a serious crime which must be triable before a jury when properly demanded.

100 Ariz. at 44, 410 P.2d at 485.

¶ 12 We agree with the result in *Harrison*, and we do not find its result to be illogically inconsistent with *Rothweiler*. DUI and DUI-based offenses have a worse "stigma" and a more odious "moral quality" than offenses such as those at issue in *Harrison*, running a red light or having no proof of insurance. Having said that, however, we must note that *Dolny* requires that we give only secondary emphasis to the "stigma" and "moral quality" factors:

> Although the *Rothweiler* opinion referred to the "grave consequences" as implicating the moral quality of the crime, this suggests too narrow an inquiry. The *Rothweiler* court was undoubtedly concerned with the stigma associated with certain crimes, but it was *primarily* concerned with the nature of the consequences resulting from a conviction, such as the impact that losing one's driver's license could have on the defendant's ability to earn a living.

*Dolny,* 161 Ariz. at 300, 778 P.2d at 1196.

¶ 13 Although driving on a DUI-suspended license is not as dangerous to the public as DUI, or as odious an offense, the latter offense necessarily precedes the former, and the consequences of both are equally "grave" under the *Rothweiler–Dolny* test. We doubt that many defendants will demand a jury when charged with driving on a DUI-suspended license, for the status of a driver's license and the existence of a prior DUI conviction will generally be easily proved facts. But the right to a jury trial in Arizona does not depend on the presumed factual complexity of the charge; it depends on the seriousness of the charge, as measured by the *Rothweiler–Dolny* test. The dissent makes some good arguments that driving on a DUI-suspended license should not be a jury-eligible offense. Those same arguments can be, and were, made regarding DUI, and they were soundly rejected by the supreme court in *Rothweiler*. Whether the dissent's arguments warrant a revision of the *Rothweiler–Dolny* test, or an exception to it, is not for the court of appeals to decide.

### Constitutionality of A.R.S. Section 22–320

¶ 14 A.R.S. section 22–320 provides as follows:

> **A.** A trial by jury shall be had if demanded by either the state or defendant. Unless the demand is made at least five days before commencement of the trial, a trial by jury shall be deemed waived.

Petitioner did not demand a jury in municipal court. The State argues that, if driving on a DUI-suspended license is a jury-eligible offense, Petitioner waived a jury by failing to demand one. Petitioner argues that section 22–320 applies only to justice courts, and is in any event unconstitutional.

¶ 15 Police courts (also known as "municipal courts" or "city courts") have concurrent jurisdiction with justice courts, A.R.S. section 22–402 (Supp.1997), and are governed by many of the same statutes. *See Rothweiler,* 100 Ariz. at 45–46, 410 P.2d at 485–86 (stating that A.R.S. §§ 22–320 through 22–326 apply "equally to trials in justice and police courts"). Section 22–320(B) refers to both justice and police courts; it states that "[u]pon demand being made for a jury trial, the justice of the peace or presiding officer of a police court shall issue an order" to summon a jury. We hold that section 22–320 applies to all lower courts.

¶ 16 Petitioner argues that section 22–320 is unconstitutional because it deems the right to a jury trial waived unless timely demand-

ed. "Statutes are presumed to be constitutional and where there is a reasonable, even though debatable, basis for the statute, an act will be upheld unless it is clearly unconstitutional." *State v. Cameron,* 185 Ariz. 467, 469, 916 P.2d 1183, 1185 (App.1996). The party asserting the unconstitutionality has the burden of proof. *See id.*

¶ 17  The Arizona Constitution provides that the jurisdiction of "courts inferior to the superior court and of justice courts" shall be "as provided by law." Ariz. Const. art. 6, § 32(B) (Supp.1997). As relevant here, A.R.S. section 22–301 limits the jurisdiction of inferior courts to "[m]isdemeanors and criminal offenses punishable by a fine not exceeding two thousand five hundred dollars, or imprisonment in the county jail for not to exceed six months, or by both such fine and imprisonment." Because section 22–320 applies only to inferior courts, it therefore applies only to offenses with maximum penalties as above stated. *See also* A.R.S. § 13–707(A) (1989) (defining maximum period of incarceration for a Class 1 misdemeanor as six months in jail). Under the United States Constitution, with rare exceptions, an offense with a potential penalty of six months or less in jail is presumed petty, and the defendant is not entitled to a jury trial. *See Blanton v. City of North Las Vegas,* 489 U.S. 538, 543, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). Consequently, section 22–320 implicates no federal right to a jury trial, and we need only discuss the state constitution.

¶ 18  When the Arizona Constitution was adopted in 1910, the predecessor of section 22–320 was in the penal code title governing criminal procedure in justice, police, and recorders' courts, and it provided as follows: "A trial by jury shall be had if demanded by either the territory or the defendant; but unless such demand is made before the commencement of the trial, a trial by jury shall be deemed waived." Ariz. Pen.Code 1901 § 1191.

¶ 19  A different section of the 1901 penal code provided the procedure for waiving a jury in superior court: "Issues of fact must be tried by jury unless a trial by jury be waived in criminal cases not amounting to

felony, by the consent of both parties, expressed in open court and entered in its minutes." Ariz. Pen.Code 1901 § 895. The 1901 penal code was revised following statehood. *See* Ariz. Pen.Code 1913. Section 1191 of the 1901 code was amended by changing "territory" to "state," and was renumbered; it was otherwise unchanged. *Id.* § 1318. Section 895 of the 1901 code was renumbered only. *See id.* § 1006.

¶ 20  Thus, Arizona's territorial penal code had different jury trial waiver procedures for inferior and superior courts. In the former, a jury trial was deemed waived if not demanded before trial; in the latter, a jury trial waiver had to be expressed by both parties, on the record, in open court. Because these different procedures were incorporated into the constitution without substantive change, we conclude that a reasonable basis exists for having different jury waiver procedures in inferior and superior courts. The only difference among the 1901 version, the 1913 version, and the current version of section 22–320 is that the first two required that the jury demand be made before the start of trial and section 22–320 requires that it be made at least five days before trial. We find the five-day notice requirement to be a reasonable modification of the statute, given the current caseload and case management demands on the lower courts.

¶ 21  We hold that section 22–320 is constitutional. The statute essentially provides the same waiver procedure in lower courts as existed when the constitution was adopted. Also, the supreme court has inferentially expressed its approval of the "waived if not timely demanded" provisions of section 22–320. *See Rothweiler,* 100 Ariz. at 44–45, 410 P.2d at 484–85 (holding that "the power to suspend the right to use the public highways should be protected by the ... right of a trial by jury *where timely demanded* " and that driving while intoxicated is "a serious crime which must be triable before a jury *when properly demanded* " (emphasis added)).

## Waiver

¶ 22 Waiver of the right to a jury must be "knowing, voluntary, and intelligent." *State v. Conroy,* 168 Ariz. 373, 375, 814 P.2d 330, 332 (1991). Rule 18.1 of the Arizona Rules of Criminal Procedure ("Rule") sets forth several procedures a court must follow before accepting a defendant's waiver of the right to a jury. Rule 18.1(b) would seem to apply in all courts, for Rule 1.1 provides that "[t]hese rules shall govern the procedure in all criminal proceedings in all courts within the State of Arizona except that the Rules of Procedure in Traffic Cases shall continue to apply." As relevant here, Rule 1 of the Rules of Procedure in Traffic Cases defines "Traffic Offense" as "any violation ... of Chapter 3, Title 28, Arizona Revised Statutes...." The charge of driving on a DUI-suspended license is not in Chapter 3.

¶ 23 We conclude that Rule 18.1 does not supersede section 22–320. Although Rule 18.1 is the general rule for waiver of the right to a jury, section 22–320 establishes a specific procedure for justice and police courts. As we have discussed in paragraphs 20 and 21, this procedure is a lawful one: it predates the Arizona Constitution; it predates the supreme court's rule-making authority; and it has been long accepted by the supreme court.

¶ 24 We conclude that a defendant validly waives the right to a jury by failing to comply with section 22–320 after having been given timely notice of both the right to a jury and the provisions of section 22–320. In this case, Petitioner did not demand a jury in municipal court, but the record does not reflect whether he had timely notice of both his right to a jury and the provisions of section 22–320. Petitioner was represented by counsel in municipal court; counsel is presumed to know the law; and counsel's failure to demand a jury can sometimes amount to a waiver of defendant's right to a jury. *See State v. Cohen,* 15 Ariz.App. 436, 440–41, 489 P.2d 283, 287–88 (App.1971) (noting that defendants' right to jury under the contempt statute was waived when counsel did not demand a jury). However, given the State's argument and the superior court's conclusion that Petitioner was not entitled to a jury, we cannot conclude from this record that Petitioner and his counsel knew or should have known that he was entitled to a jury.

¶ 25 Jurisdiction is accepted and relief is granted in part. We hold that driving on a DUI-suspended license is a jury-eligible offense and that A.R.S. section 22–320(A) is constitutional. Whether Petitioner or his counsel waived the right to a jury by failing to timely demand one is not clear on this record and is to be decided by the municipal court on remand.

THOMAS C. KLEINSCHMIDT, Judge, concurs.

GARBARINO, Judge, dissenting:

¶ 26 I respectfully dissent.

¶ 27 The Phoenix police stopped and cited petitioner for driving on a DUI-suspended driver's license, no proof of insurance, no registration, no proof of identity, and failure to remain on the right side of the road. Petitioner did not request a jury trial. Following a bench trial, the magistrate sentenced petitioner to a three-month suspension of his driver's license, two days in jail, and a $1,010 fine.

¶ 28 Petitioner appealed to the superior court, arguing that he had a constitutional right to a jury trial concerning the charge of driving on a DUI-suspended license. The superior court found that the offense of driving on a DUI-suspended license was not a jury-eligible offense. Petitioner then filed this special action. The superior court granted petitioner's request to stay his sentence pending the outcome of this action.

¶ 29 Disregarding the fact that petitioner did not initially request a jury, I will go right to the issue of his entitlement to a jury based on the nature of his offense. Generally, the constitutional right to a jury trial does not apply to petty offenses. *See Blanton,* 489 U.S. at 541, 109 S.Ct. 1289; *Rothweiler,* 100 Ariz. at 41, 410 P.2d at 482. However, there are exceptions to the rule. Recognized exceptions include petty offenses that carry the possibility of a severe penalty, involve moral turpitude, or traditionally have merited a jury trial. *See State v. Miller,* 172 Ariz. 294,

295, 836 P.2d 1004, 1005 (App.1992); *Dolny,* 161 Ariz. at 299, 778 P.2d at 1195.

¶ 30  Petitioner challenges only the superior court's determination that his conviction and sentence neither involved moral turpitude nor carried a severe penalty. Thus, we should first determine whether petitioner's offense was petty. If petitioner's offense was not petty, we should reverse and remand for a jury trial. If petitioner's offense was petty, we should next decide if it involved moral turpitude or carried a severe penalty. If either of these exceptions apply, we should reverse and remand for a jury trial. If neither exception applies, we should deny relief.

¶ 31  To determine if an offense is petty, we must look at the maximum penalty attached to the offense. *See Lewis v. United States,* 518 U.S. 322, 324, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). "An offense carrying a maximum prison term of six months or less is presumed petty...." *Id.* at 326, 116 S.Ct. 2163. Also, the United States Supreme Court has held that a DUI conviction that carries a maximum potential fine of $5,000 does not entitle a defendant to a jury trial. *See United States v. Nachtigal,* 507 U.S. 1, 5, 113 S.Ct. 1072, 122 L.Ed.2d 374 (1993). Here, petitioner faced, at most, a six-month jail term and a $2,500 fine. Thus, we should presume that his offense was petty.

¶ 32  The second question, then, is whether petitioner's offense involved moral turpitude. License suspension is not a moral turpitude offense. Moral turpitude encompasses conduct of a depraved and intrinsically base person, actions that negatively reflect on a person's honesty and integrity, and conduct that would support an inference of one's readiness to commit evil or lie. *See Campbell v. Superior Ct.,* 186 Ariz. 526, 528, 924 P.2d 1045, 1047 (App.1996).

¶ 33  Instead of this Court determining the moral seriousness of a crime, "[t]he better rule is to gauge the moral impact and the seriousness of a crime based upon the legislative response to it." *Harrison,* 164 Ariz. at 319, 792 P.2d at 782. As demonstrated in *Harrison,* suspension of a driver's license is not necessarily a serious sanction. *See id.* at 318, 792 P.2d at 781. In fact, the legislature

expressly made it a civil sanction rather than a criminal sanction, removing from it any stigma of criminal punishment. *See id.*

¶ 34  Finally, we should consider whether petitioner's offense carried a severe penalty. A defendant is entitled to a jury for a petty offense if he or she "can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense ... is a 'serious' one." *Blanton,* 489 U.S. at 543, 109 S.Ct. 1289.

¶ 35  We already discussed the fact that the amount of possible jail time did not rise to the level of seriousness required to warrant a jury trial. *See Lewis,* 518 U.S. at 326, 116 S.Ct. 2163. Petitioner's only remaining argument is based on any additional statutory penalties that may be imposed. The only additional penalty that petitioner faced was the possibility of a driver's license suspension. We held in *Harrison* that loss of a driving *privilege* may be an inconvenience, but it is not a severe penalty. *See* 164 Ariz. at 318, 792 P.2d at 781. I concede that the suspension was only ninety days in *Harrison. See id.* at 317, 792 P.2d at 780. However, because a license suspension is a civil sanction, as opposed to a criminal penalty, a one-year suspension should not be sufficient additional punishment to warrant a jury trial.

¶ 36  Petitioner was not entitled to a jury trial. Whether he validly waived his right to demand a jury trial by his failure to make a timely demand is irrelevant. We should accept jurisdiction and deny relief.