83 P.3d 51

Justin DERENDAL, Petitioner–Appellant,

v.

The Honorable Deborah GRIFFITH, Phoenix City Court Judge, Respondent Judge,

Phoenix City Prosecutor's OFFICE, Real Party in Interest–Appellee.

No. 1 CA–CV 03–0380.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 27, 2004.

Ballecer & Segal, L.L.P. By Neal W. Bassett, Natalee Segal, Phoenix, Attorneys for Appellant.

Peter Van Haren, Phoenix City Attorney, By William C. Solomon, Assistant City Prosecutor, Phoenix, Attorneys for Real Part in Interest–Appellee.

## OPINION

STEPHENS, Judge.*

¶ 1 Justin Derendal, who is charged with drag racing, argues on appeal that he is entitled to a jury trial. For the reasons discussed below, we affirm the trial court's ruling that the offense of drag racing is not jury eligible.

## BACKGROUND

¶ 2 Derendal was charged with drag racing, a violation of Arizona Revised Statutes ("A.R.S.") section 28–708(A) (Supp.2003). He requested a jury trial in Phoenix Municipal Court, and the court denied his request. Derendal then petitioned the superior court for special action relief from the trial court's ruling. The superior court accepted jurisdiction but denied relief. Derendal timely appealed from the judgment. Because the superior court accepted jurisdiction of the merits of the special action, we have jurisdiction to review its decision on the merits. *See Amancio v. Forster,* 196 Ariz. 95, 95, ¶ 2, 993 P.2d 1059, 1059 (App.1999).

## ANALYSIS

### I.  Issue and Standard of Review

¶ 3 The issue in this appeal is whether drag racing is a jury eligible offense. The issue is one of first impression in Arizona. Jury eligibility is a question of law; therefore, we review the superior court's ruling de novo. *Urs v. Maricopa County Attorney's*

---

* The Honorable Sherry K. Stephens, Judge of the Maricopa County superior Court, was authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to Ariz. Const. art. VI, § 3 and A.R.S. §§ 12–145 through 147.

*Office,* 201 Ariz. 71, 72, ¶ 2, 31 P.3d 845, 846 (App.2001).

## II. Test for Determining Jury Eligibility

▮ ¶ 4 The Arizona Constitution, in Article 2, Sections 23 and 24, guarantees criminal defendants the right to a jury trial. However, this constitutional guarantee "is not a *grant,* but a *reservation* of a pre-statehood right." *Benitez v. Dunevant,* 198 Ariz. 90, 93, ¶ 4, 7 P.3d 99, 102 (2000). Therefore, if an offense was a serious crime that was jury eligible in the common law when Arizona's Constitution was adopted, the Constitution guarantees the right to a jury trial to anyone charged with the offense. *Id.* On the other hand, if the offense was a petty crime in the common law at that time, a defendant charged with such a crime is not guaranteed a jury trial. *Urs,* 201 Ariz. at 72, ¶ 3, 31 P.3d at 846. Thus, the question whether a defendant is entitled to a jury trial depends upon whether the crime was a serious or a petty offense at the time of statehood. *Spitz v. Municipal Court of City of Phoenix,* 127 Ariz. 405, 408, 621 P.2d 911, 914 (1980).

¶ 5 Citing *Spitz,* Derendal argues that if this court chooses to do so, it may decide the jury eligibility of drag racing solely by considering·whether drag racing is a serious or petty offense. The seriousness of the offense, however, is not determined, as Derendal appears to propose, by comparing it to other offenses and by weighing the possible consequences of the offense. Rather, beginning with *Rothweiler v. Superior Court of Pima County,* 100 Ariz. 37, 41, 410 P.2d 479, 483 (1966), the Arizona Supreme Court has developed a test to determine whether a crime is serious for purposes of jury eligibility. *See Urs,* 201 Ariz. at 72, ¶ 4, 31 P.3d at 846.

▮ ¶ 6 Under this test, an offense is jury eligible if: (1) the maximum potential penalty is severe; (2) the crime involves moral turpitude or has the potential for grave consequences to the defendant's life; and/or (3) the offense merited a jury trial under the traditional common law. *Id.* (citing *Benitez,* 198 Ariz. at 93, ¶¶ 7–9, 7 P.3d at 102). *See*

*also State ex rel. Dean v. Dolny,* 161 Ariz. 297, 299, 778 P.2d 1193, 1195 (1989); *Frederickson v. Maricopa County Superior Court,* 187 Ariz. 273, 274, 928 P.2d 697, 698 (App. 1996). "Each prong is independently sufficient to give rise to a jury trial." *State v. Harrison,* 164 Ariz. 316, 317, 792 P.2d 779, 780 (App.1990).

### A. Severity of Potential Penalty

▮ ¶ 7 Drag racing is prohibited by § 28–708(A) as follows:

> A person shall not drive a vehicle or participate in any manner in a race, speed competition or contest, drag race or acceleration contest, test of physical endurance or exhibition of speed or acceleration or for the purpose of making a speed record on a street or highway.

For purposes of this statute, a "drag race" means either "[t]he operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other," or "[t]he operation of one or more vehicles over a common selected course and from the same point for the purpose of comparing the relative speeds or power of acceleration of the vehicle or vehicles within a certain distance or time limit." A.R.S. § 28–708(H)(1) (Supp.2003).

▮ ¶ 8 A person who violates this statute is guilty of a class one misdemeanor. A.R.S. § 28–708(B) (Supp.2003). Under A.R.S. § 13–707(A)(1) (2001), the maximum sentence for a class one misdemeanor is incarceration for six months, and under A.R.S. § 13–802(A) (2001), the maximum fine is $2,500. In assessing whether the penalty is severe, we consider the potential penalties, not the sentence the defendant actually receives. *See Benitez,* 198 Ariz. at 94, ¶ 13, 7 P.3d at 103.

▮ ¶ 9 In general, penalties imposed for misdemeanor offenses committed under Arizona law are not, of themselves, sufficiently severe to entitle the defendant to a jury trial. *Id.* The Arizona Supreme Court concluded in *Benitez* that penalties for driving with a suspended driver's license, a class one misdemeanor, were insufficient to warrant a jury trial. Similarly, we conclude here that the

class one misdemeanor penalties for drag racing are not sufficiently severe to entitle Derendal to a jury trial.[1]

### B. Moral Turpitude and Grave Consequences

¶ 10 Derendal argues that drag racing is extraordinarily dangerous and likely to cause serious injury and fatalities. He thus maintains that drag racing is a crime of moral turpitude because this type of dangerous behavior reflects that the driver does not care that his driving endangers others.

■ ¶ 11 The term "moral turpitude" refers to conduct that is "depraved and inherently base" or to acts "that adversely reflect on one's honesty, integrity, or personal values." *Frederickson,* 187 Ariz. at 274, 928 P.2d at 698 (quoting *Mungarro v. Riley,* 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App. 1991)). Crimes of moral turpitude are jury eligible because the "[d]amage to reputation, humiliation, and loss of dignity beyond that associated with all crimes" place moral turpitude crimes "into the realm of serious crimes." *Benitez,* 198 Ariz. at 95, ¶ 15, 7 P.3d at 104 (quoting *Dolny,* 161 Ariz. at 300, 778 P.2d at 1196).

¶ 12 In *Frederickson,* the court concluded that leaving the scene of an accident is a crime of moral turpitude because it is an act that reflects adversely on a person's honesty. 187 Ariz. at 274, 928 P.2d at 698. The act impinges a person's integrity because one who leaves the scene of an accident attempts by fraud to relieve himself of liability and seeks to evade prosecution by concealing his identity. *Id.* (citing *State v. Horton,* 271 S.C. 413, 248 S.E.2d 263 (1978), and *People v. Bautista,* 217 Cal.App.3d 1, 265 Cal.Rptr. 661 (1990)).

■ ¶ 13 Nevertheless, in general, "[t]raffic violations in themselves do not brand a person as depraved and inherently base or reflect adversely on personal values." *Harrison,* 164 Ariz. at 319, 792 P.2d at 782.

For example, in *Harrison,* the court held that running a red light was not a crime of moral turpitude. *Id.* Similarly, in *State ex rel. DeConcini v. City Court of the City of Tucson,* 9 Ariz.App. 522, 524, 454 P.2d 192, 194 (1969), the court held that a defendant charged with speeding and failing to stop for a stop sign was not entitled to a jury trial. In terms of dangerous potential, the crimes in *Harrison* and *DeConcini* are not inherently less harmful than drag racing.

■ ¶ 14 Furthermore, "[m]oral turpitude is implicated when behavior is morally repugnant to society. It is not implicated when the offense merely involves poor judgment, lack of self-control, or disrespect for the law involving less serious crimes." *Benitez,* 198 Ariz. at 95, ¶ 19, 7 P.3d at 104. Although we agree that drag racing can be a dangerous activity, we do not believe it is morally repugnant to society nor that it could be characterized as an immoral act. Rather, participating in drag racing more likely demonstrates poor judgment and lack of self-control in seeking excitement and thrills by engaging in competition that can be risky. Thus, we conclude that drag racing is not a crime of moral turpitude.

¶ 15 Likewise, a conviction of drag racing would not have grave consequences on the defendant's life. In *Dolny,* the court concluded that a conviction for possession of marijuana would result in consequences sufficiently grave to warrant a jury trial because a person convicted of possession of an illegal drug could be subject to decreased employment opportunities, including preclusion from holding certain occupational and professional licenses. 161 Ariz. at 300, 778 P.2d at 1196. Derendal has argued no similar consequences that could result from a conviction for drag racing, and we know of none. Therefore, we conclude that the moral turpitude/grave consequences prong of the jury eligibility test is not met by a charge of drag racing.

---

1. Derendal also argues that the drag racing charge would result in serious punishment and grave consequences because the State has alleged that he has a drag racing conviction within the past two years. If so, under A.R.S. § 28–708(F) (Supp.2003), his driver's license would be subject to revocation. However, it does not appear that Derendal made this argument below; the record contains no information about a prior drag racing conviction, and the trial court did not address this factor. Therefore, we decline to address the argument.

## C. Common Law Entitlement to Jury Trial

¶ 16 Derendal's primary argument on appeal is that drag racing is of the same character as reckless driving and therefore, like reckless driving, should be jury eligible. In *Urs*, reckless driving was deemed to be a jury eligible offense because the court concluded that it was a jury eligible offense at common law, noting that "a charged offense does not have to be identical to common-law crimes that were jury eligible in order to be linked to such crimes." 201 Ariz. at 73–74, ¶ 9–10, 31 P.3d at 847–48. Accordingly, this court held that "driving a vehicle 'in reckless disregard for the safety of persons or property,' in violation of A.R.S. § 28–693(A), is in the character of operating a motor vehicle so 'as to endanger [any] property [or] individual[ ]' a jury-eligible offense at common law." *Id.* at 74, ¶ 10, 31 P.3d at 848 (quoting *District of Columbia v. Colts*, 282 U.S. 63, 73, 51 S.Ct. 52, 75 L.Ed. 177 (1930)).

¶ 17 The only reason reckless driving is jury eligible is because it is linked to a right to a jury trial in the common law. *Id.* at 74, ¶ 11, 31 P.3d at 848. Therefore, drag racing likewise must have such a "link" to be jury eligible. The prohibition against drag racing is a creation of statute and one for which there was no common law equivalent. Therefore, it is not in itself linked to a common law right to a jury trial.

¶ 18 Furthermore, we conclude that drag racing fails to be sufficiently related to reckless driving to qualify for jury eligibility. In *Urs*, this court concluded that reckless driving was a jury eligible offense in the common law only because the element of reckless disregard is much like the common law offense of operating a vehicle in a manner that endangers individuals or property. The statutory prohibition against drag racing, howev-er, does not include the element of driving a vehicle in reckless disregard for the safety of persons or property.[2]

¶ 19 Derendal also argues that drag racing is a more serious offense than reckless driving, and thus is jury eligible, because drag racing is a class one misdemeanor and reckless driving is a class two misdemeanor. *Compare* A.R.S. § 28–708(B) (Supp.2003) *with* A.R.S. § 28–693(B) (Supp.2003). We reject this argument, however, because the class of the offense has not been adopted by the Arizona Supreme Court as a consideration in the test to determine whether the seriousness of an offense qualifies for a jury trial. Therefore, the fact that the legislature has designated drag racing as a more serious misdemeanor than reckless driving does not provide grounds for ruling that drag racing is a jury eligible offense.

## CONCLUSION

¶ 20 In summary, we hold that the offense of drag racing is not jury eligible because the statutory penalty for the offense is not sufficiently severe, it is not a crime of moral turpitude, and it has no link to common law eligibility for a jury trial. Accordingly, we affirm the trial court's judgment denying special action relief from the municipal court's denial of Derendal's request for a jury trial.

CONCURRING: PATRICK IRVINE, Presiding Judge and SUSAN A. EHRLICH, Judge.

---

**2.** As a statutory matter, drag racing does not include a reckless disregard for safety. For example, if two drivers are side-by-side at a stop light on a heavily traveled street, and, when the light changes to green, they speed off in a race, they likely would be recklessly disregarding the safety of the other drivers on the road. However, if drivers block off a little-used roadway in the middle of the night and use it for drag racing, the activity is a crime under § 28–708, but the activity does not necessarily constitute reckless driv-ing. In fact, under § 28–708(G), "[t]he director may authorize in writing an organized and properly controlled event to utilize a highway or part of a highway even though it is prohibited by this section." Certainly, the legislature would not authorize a controlled drag racing event on public highways if the activity were inherently reckless in all circumstances. Therefore, drag racing does not include the element of "reckless disregard" that is necessary to link the offense to the common law right to a jury trial.