24453

W & N CONSTRUCTION COMPANY, INC., Appellant v. Saverne H. WILLIAMS and Michael D. Haynes, Respondents.

(472 S.E. (2d) 622)

Supreme Court

*James M. Robinson,* Easley, *for appellant.*

*Robert B. King, Jr.* and *Scott D. Robinson, Lowery, Thompson & King,* Anderson, *for respondents.*

Heard May 8, 1996.

Decided July 1, 1996.

WALLER, Justice:

On appeal is an order of the master-in-equity holding that an unlicensed general contractor may not bring an action to enforce a construction contract in excess of $30,000.00.[1] We affirm.

## FACTS

W & N Construction Company, an unlicensed general contractor,[2] contracted to perform approximately $60,000.00 worth of commercial work at respondents' building in Seneca. After completion, W & N brought this mechanics lien action to collect an unpaid balance of $30,481.89. The master granted respondents summary judgment finding the contract illegal and unenforceable as W & N was not a licensed general contractor.

## DISCUSSION

It is illegal for general contractors who undertake construction in excess of $30,000.00 to do so without first obtaining a license in this state. S.C. Code Ann. §§ 40-11-10, 40-11-100 and 40-11-290 (1986). Nothing in Chapter 11 of Title 40, however, specifically prohibits an unlicensed general contractor from bringing suit to enforce a contract entered into without a license.[3] The master found, notwithstand-

---

[1] The order of reference provides for direct appeal to this Court.

[2] W & N's license was revoked in 1991 when its secretary failed to pay its taxes.

[3] Residential home builders are similarly prohibited from undertaking the business of home building without first obtaining a license. However, S.C. Code Ann. § 40-59-130 (1986) specifically prohibits unlicensed home builders

ing the absence of an express statutory prohibition against its maintenance of suit, that W & N had acted illegally in entering into the contract such that it was void and unenforceable. Accordingly, respondents were granted summary judgment.

In *Berkebile v. Outen*, 311 S.C 50, 426 S.E. (2d) 760 (1993), we recognized the general rule that courts will not enforce a contract which is violative of public policy, statutory law, or provisions of the constitution. *See also Grant v. Butt*, 198 S.C. 298, 17 S.E. (2d) 689 (1941); *Rountree v. Ingle*, 94 S.C. 231, 77 S.E. 931 (1913). Similarly, the Court of Appeals recently held:

> It is a well-founded policy of law that no person be permitted to acquire a right of action from their own unlawful act and one who participates in an unlawful act cannot recover damages for the consequence of that act. This rule applies at both law and in equity and whether the cause of action is in contract or in tort. . . .

*Jackson v. Bi-Lo Stores, Inc.*, 313 S.C. 272, 276, 437 S.E. (2d) 168, 170 (1993).

A number of jurisdictions adopt the view that an unlicensed contractor may not recover on a contract even though the relevant licensing statute contains no express provision relating to the enforceability of the contract. *See* Dougherty, *Failure of Building Contractor to Procure Business or Occupational License As Affecting Enforceability of Contract or Right of Recovery for Work Done*, 44 ALR (4th) 271, §§ 11, 12 (1986). The rationale is that such licensing statutes protect the public and to permit unlicensed contractors to circumvent licensing requirements by payment of a small fine would defeat the legislative intent. *Id.* We concur with these authorities. Accordingly, we affirm the ruling of the master.

Affirmed.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

from bringing any action to enforce the provisions of any contract entered into without a valid license.