THIS OPINION HAS 
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Stanford Kosover,       
Appellant,
 
 
 

v.

 
 
 
Audrey H. Stenger and The Metro Wine Room, Inc.,       
Respondents.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2004-UP-202
Submitted March 8, 2004  Filed March 
 24, 2004

AFFIRMED

 
 
 
O. W. Bannister, Jr., of Greenville, for Appellant.
Randall Scott Hiller, of Greenville, for Respondents.
 
 
 

PER CURIAM:  Stanford Kosover appeals from 
 the dismissal of his complaint for an accounting and in quantum meruit.  
 We affirm.
 FACTS
Soon after Kosover was released from prison
for a breach of trust charge, he decided to open a business for the purpose of
buying, roasting, and selling coffee to local businesses. 
He contacted attorney Bobby Mann, a personal friend, who assisted Kosover
in incorporating the business as Metro Coffee House, Inc. 
The business was organized with Mann as the sole stockholder, and he
owned the building in which it was located. 
Kosover paid rent to Mann and handled all the operations and finances of
the business. 
Several
years after opening the Metro Coffee House, Kosover decided to slowly expand the
premises to include retail sales and a wine bar. 
Approximately one to two years later, Kosover became romantically
involved with Stenger, who assisted in expanding the shop. 
In order to finance the expansion, Kosover borrowed money from several
individuals, and Stenger supplied personal funds and took out a bank loan.  Stenger then entered into a lease with Mann for the building
space and incorporated the new business as the Metro Wine Room, Inc. Stenger was
the sole stockholder of the Metro Wine Room.  A little over two years later, Kosover and Stenger ended
their personal relationship, and Kosover sent Stenger a letter outlining their
options with respect to dividing Metro Wine Rooms assets. 
Stenger replied that Kosover could acquire the property from her, if he
desired.  Stenger then changed the
locks on the property, acquired new business partners, changed the name of the
wine bar, and continued business in the location.  
 Kosover filed a complaint against 
 Stenger and Metro Wine Room seeking damages based on quantum meruit 
 and alleging he was entitled to an accounting of the parties joint venture.  
 Stenger and the Metro Wine Room filed an answer denying Kosovers allegations.  
 In addition, Stenger counterclaimed that she was entitled to reimbursement 
 for certain rents and labors she performed.  At trial, Kosover admitted 
 on cross-examination that the lease had to be in Stengers name because 
 a beer and wine permit eventually would be required.  Kosover explained 
 that his prior criminal history meant that he would be unable to apply 
 for such a permit.  After a bench trial, the trial court issued an order 
 dismissing both Kosovers complaint and Stengers counterclaim.  The court 
 found that Kosover was barred as a matter of law from obtaining a beer and 
 wine permit due to his prior incarceration. The judge further found that, 
 even if the enterprise were legal, Kosovers testimony was not credible 
 and there was a complete lack of credible evidence as to any damages.  
 Kosover appeals.
 STANDARD
 OF REVIEW
 In equity actions tried by a trial judge alone, 
 this courts scope of review extends to the findings of fact which may be 
 recast in this courts own view of the preponderance of the evidence.  Townes 
 Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 
 775 (1976).  However, this broad scope of review does not require an appellate 
 court to disregard the findings below or ignore the fact that the trial 
 judge is in the better position to assess the credibility of the witnesses.  
 Pinckney v. Warren, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001).
 ISSUES

 I.       Did the trial court err in finding Kosover was barred as a matter of 
 law from obtaining a beer and wine permit?
 II.      Did the trial court err in finding Kosover was engaged in an illegal 
 enterprise?
 III.     Did the trial court err in finding there was no evidence of damages?

 LAW/ANALYSIS

I. 
Beer and Wine Permit
 Kosover argues the trial court erred 
 in finding he was barred as a matter of law from obtaining a beer and 
 wine permit or from having an interest in a business that required such 
 a permit.  We do not agree.
 Kosover admitted on cross-examination 
 that he was barred from receiving a beer and wine permit.  Kosover also 
 testified he personally completed the application for the beer and wine 
 permit on Stengers behalf and neglected to provide any information 
 about his status as a partner in Metro Wine Room.  In so doing, Kosover 
 knowingly violated at least three statutory sections. 
 Section 61-4-520 states a beer and wine 
 permit may not be issued unless [t]he applicant, any partner or co-shareholder 
 of the applicant . . . to be employed on the licensed premises are of 
 good moral character.  S.C. Code Ann. § 61-4-520(1) (Supp. 2003) 
 (emphasis added).  It is clear Kosover and Stenger planned to operate 
 Metro Wine Room as a joint venture.  It is also clear that because Kosover 
 had a recent conviction for breach of trust he could not be considered 
 of good moral character for purposes of obtaining the permit. [1]   
 Section 61-2-90 of the South Carolina Code 
 (Supp. 2003) states each person seeking a beer and wine permit must 
 file an application containing a sworn statement with the South Carolina 
 Department of Revenue.  Among other things, this section requires the 
 applicant to include in this statement information required by the 
 department to determine if the application meets all statutory requirements 
 for the license or permit and to determine the true owners of the business 
 seeking the license or permit.  Id. Kosover admitted on cross-examination 
 that he prepared the application for the beer and wine permit.  As such, 
 Kosover knew, as a partner in Metro Wine Room, that he must disclose 
 both his interest in the business and his prior criminal history, pursuant 
 to section 61-4-520(1).    
 Section 61-2-100 states that beer and wine 
 permits may only be issued to persons who own the qualifying business.  
 S.C. Code Ann. § 61-2-100(A) (Supp. 2003).  This section further states 
 that a permit may not be issued to any applying person unless the person 
 and all principals are of good moral character.  Id. at § 61-2-100(D).  
 Principals are defined to include all persons who own at least twenty-five 
 percent of the value of the business, which would, by his own testimony, 
 include Kosover.  Id. at § 61-2-100(H)(2)(g).  Similar to sections 
 61-4-520(1) and 61-2-90(6), Kosover would thus be excluded under section 
 61-2-100 from obtaining a beer and wine permit because his conviction 
 for breach of trust prevents him from being of good moral character.
 The cumulative application of these three 
 statutory sections supports the conclusion that Kosover was prohibited 
 from obtaining a beer and wine permit.  Further, Kosover was aware that 
 his participation in the Metro Wine Room venture was unlawful.  Accordingly, 
 the trial court did not err in finding Kosover was barred as a matter 
 of law from obtaining a beer and wine permit.
 II.     
 Illegal Enterprise
 Kosover argues the trial court erred 
 in finding he was engaged in an illegal enterprise.  We disagree.
 The trial court found the contract 
 to enter into a partnership or joint venture was for an illegal purpose 
 and as such may not and will not be enforced by this Court.  When Kosover 
 and Stenger entered into their joint venture to form and operate Metro 
 Wine Room, the ultimate goal was to receive a beer and wine permit in 
 order to open a wine bar.  To that end, Kosover persuaded Stenger to 
 put all leases, documents, and filings in her name only, though he was 
 an equal partner in the Metro Wine Room enterprise.  As discussed above, 
 Kosover was barred from obtaining a beer or wine permit because he had 
 been imprisoned for breach of trust.  Because Kosover was prohibited 
 by law from obtaining this permit, which was integral to the ultimate 
 purpose of the venture, the eventual acquisition of this permit and 
 operation of the Metro Wine Room venture was an illegal enterprise.  
 See W & N Constr. Co. v. Williams, 322 S.C. 448, 450, 
 472 S.E.2d 622, 623 (1996) (It is a well-founded policy of law that 
 no person be permitted to acquire a right of action from their own unlawful 
 act and one who participates in an unlawful act cannot recover damages 
 for the consequence of that act.) (quoting Jackson v. Bi-Lo Stores, 
 Inc., 313 S.C. 272, 276, 437 S.E.2d 168, 170 (Ct. App. 1993)).
 Accordingly, the trial court did not err in 
 finding Kosover was engaged in an illegal enterprise.
 III.    Evidence of Damages
 Kosover argues the trial court erred 
 in finding there was no evidence of damages.  We do not agree.
 Kosover had neither a leasehold 
 interest in the business space nor any ownership interest in Metro Wine 
 Room.  Both interests were solely in Stengers name because Kosover 
 testified that his criminal record would have prevented his association 
 with any business applying for a beer and wine permit.  Kosover did 
 not present any evidence at trial that the loan money he was seeking 
 to recoup was actually invested in Metro Wine Room.  Although the record 
 contains notes executed between various individuals and Kosover, none 
 of these notes either mentioned Metro Wine Room or listed the business 
 as a party to the notes.  Further, Stenger testified she was not aware 
 of certain loans Kosover claimed were to be used for the business and, 
 with respect to the loans she was aware of, she did not know if they 
 were actually used in furtherance of the business.  The trial court 
 found Kosovers testimony was not credible and that there was no credible 
 evidence (beyond speculation) to establish [Kosover]s alleged loss.  
 As the trial court was in a better position to determine Kosovers credibility, 
 we accept his assessment of Kosovers testimony.  See Pinckney 
 v. Warren, 344 S.C. at 387, 544 S.E.2d at 623.  
 Accordingly, the trial court did not err 
 in finding Kosover failed to provide any evidence of damages.
 CONCLUSION
 Based upon the foregoing, the trial 
 courts order dismissing Kosovers complaint is
 AFFIRMED.
HEARN, C.J., ANDERSON, and 
 BEATTY, JJ., concur.

 
 
 [1] Criminal breach of trust requires a fraudulent act.  S.C. Code 
 Ann. § 16-13-230 (2003).  Our supreme court has further held that [a]n 
 act in which fraud is an ingredient involves moral turpitude.  See 
 State v. Horton, 271 S.C. 413, 414, 248 S.E.2d 263, 263 (1978).