**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Gaddy Oil, Inc., Plaintiff, Respondent,

v.

George Rishmawi, Sr. a/k/a Issa G. Rishmawi, George Rishmawi, Jr., a/k/a George Issa Rishmawi, individually, and both trading as G & S Transports, LLC, and Dollar and More, LLC, Defendants, Appellants,

Issa George Rishmawi, Third-Party Plaintiff, Appellant,

v.

Andrew Gaddy and Gaddy Rentals, LLC, Third-Party Defendants, Respondents.

Appellate Case No. 2015-002026

———————

Appeal From Williamsburg County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-308
Heard June 5, 2018 – Filed July 5, 2018

———————

**AFFIRMED**

———————

Mary Amanda Harrelson Shuler, of Whetstone Perkins & Fulda, LLC, of Kingstree, for Appellants.

Kimberly Veronica Barr and Ronnie Alan Sabb, both of Sabb Law Group, L.L.C., of Kingstree; and Adrian Desmond Dukes, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

---

**PER CURIAM:**  In this civil case, George Rishmawi, Sr.; G&S Transports, LLC; and Dollar and More, Inc. (collectively, Appellants) appeal multiple circuit court orders.  Specifically, Appellants argue the circuit court erred in granting motions for directed verdict in favor of Gaddy Oil, Inc.; Andrew Gaddy; and Gaddy Rentals, LLC (collectively, Respondents) on Appellants' claims for quantum meruit, breach of contract, and promissory estoppel.  Appellants also appeal the circuit court's order denying their motions for directed verdict.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in granting Respondents' motions for directed verdict: *McKaughan v. Upstate Lung & Critical Care Specialists, P.C.*, 421 S.C. 185, 189, 805 S.E.2d 212, 214 (Ct. App. 2017) ("When reviewing a trial court's ruling on a directed verdict motion, this court will reverse if no evidence supports the trial court's decision or the ruling is controlled by an error of law." (quoting *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010))); *id.* ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." (quoting *Burnett*, 387 S.C. at 188, 691 S.E.2d at 173)); *id.* ("The trial court must deny a directed verdict motion where the evidence yields more than one inference or its inference is in doubt." (quoting *Burnett*, 387 S.C. at 188, 691 S.E.2d at 173)); S.C. Code Ann. § 40-57-20 (Supp. 2017) ("It is unlawful for an individual to act as a real estate broker . . . or provide services as such without an active, valid license issued by the [Real Estate] [C]ommission."); *Roberts v. Gaskins*, 327 S.C. 478, 490, 486 S.E.2d 771, 777 (Ct. App. 1997) (finding a business broker, not licensed to sell real estate, was entitled to a commission "contractually earned on the sale of the personal property of a business, irrespective of the form of sale, even though the sale may include real estate; provided, of course, no commission can be based either directly or indirectly on the value of the real property involved"); S.C. Code Ann. § 40-11-20(9) (2011) ("'General contractor' means an entity which performs or supervises or offers to perform or supervise general construction."); S.C. Code Ann. § 40-11-30 (2011) ("No entity or individual may practice as a contractor by performing or offering to perform contracting work for which the total cost of construction is

greater than five thousand dollars . . . without a license issued in accordance with this chapter."); *W & N Constr. Co. v. Williams*, 322 S.C. 448, 449-50, 472 S.E.2d 622, 623 (1996) (noting a person acting as a general contractor is prohibited from bringing suit to enforce a contract entered into without a license).

2.      As to whether the circuit court erred in failing to grant Appellants' motions for directed verdict: *McKaughan*, 421 S.C. at 189, 805 S.E.2d at 214 ("When reviewing a trial court's ruling on a directed verdict motion, this court will reverse if no evidence supports the trial court's decision or the ruling is controlled by an error of law." (quoting *Burnett*, 387 S.C. at 188, 691 S.E.2d at 173)); *id.* ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." (quoting *Burnett*, 387 S.C. at 188, 691 S.E.2d at 173)); *id.* ("The trial court must deny a directed verdict motion where the evidence yields more than one inference or its inference is in doubt." (quoting *Burnett*, 387 S.C. at 188, 691 S.E.2d at 173)).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**